PAYNE & DOLAN OF WISCONSIN, INC v DEPARTMENT OF
TREASURY

Docket No. 72920. Submitted April 12, 1984, at Lansing.—Decided
    October 16, 1984. Leave to appeal applied for.

    Payne & Dolan of Wisconsin, Inc., is a Wisconsin asphalt paving
    firm which conducts business in both Wisconsin and Michigan.
    In 1972, 1973, and 1974, Payne & Dolan filed state income tax
    returns in both Wisconsin and Michigan. On the Wisconsin
    income tax returns, Payne & Dolan utilized the separate ac-
    counting method to ascertain its Wisconsin income tax liability.
    On the Michigan income tax returns, Payne & Dolan computed
    its Michigan taxable income by the use of the apportionment
    formula contained in the Michigan Income Tax Act and paid its
    taxes on the basis of the tax base which was computed from the
    application of that formula. In 1975, the Michigan Department
    of Treasury audited Payne & Dolan's returns for the years
    1972-1974. The department recalculated Payne & Dolan's Mich-
    igan taxable income using the separate accounting method. Use
    of the separate accounting method resulted in greater income
    being attributable to the Payne & Dolan Michigan operations.
    The department also ascertained that the combined Wisconsin
    and Michigan incomes declared by Payne & Dolan for the years
    in question ranged from 61 percent to 93 percent of the income
    reported on the corporation's federal tax returns for those
    years. The department determined that the separate account-
    ing method more fairly represented the corporation's business
    activities in Michigan and issued a deficiency assessment for
    the additional taxes due based on a Michigan taxable income
    computed on the separate accounting basis. Payne & Dolan
    petitioned for review by the Michigan Tax Tribunal. The Michi-
    gan Tax Tribunal affirmed the determination and order of the
    department. Payne & Dolan appealed. Held:
        1. A taxable income computation basis other than the appor-

REFERENCES FOR POINTS IN HEADNOTES

[1] 71 Am Jur 2d, State and Local Taxation §§ 518, 545, 549, 550, 576,
    577.
    Construction and application of Uniform Division of Income for Tax
    Purposes Act. 8 ALR4th 934.
[2, 4] 71 Am Jur 2d, State and Local Taxation §§ 305, 306, 576, 577.
[3] 71 Am Jur 2d, State and Local Taxation § 576.

tionment formula basis contained in the Michigan Income Tax Act may be utilized only where there is a showing that the taxable income figure derived by the formula does not fairly represent the extent of the taxpayer's business in the State of Michigan. The burden of making that showing is on the party seeking to employ an alternative method for computing the taxable income attributable to Michigan activities.

2. The mere fact that there is a gross disparity between the figure for Michigan taxable income when calculated by the statutory formula and the figure for Michigan taxable income when calculated by the separate accounting method is not sufficient to show that the apportionment formula is inadequate. The burden was on the department to show that the statutorily-preferred apportionment formula is itself inadequate to fairly determine the extent of the taxpayer's activities in Michigan. The department has failed to carry that burden.

3. The fact that the total amount declared as taxable income by the taxpayer on its Michigan and Wisconsin tax returns was less than the amount declared as taxable income on its federal tax return does not lead necessarily to the conclusion that the apportionment formula does not fairly represent the extent of the taxpayer's activities in Michigan.

Reversed.

1. TAXATION — INCOME TAX — MULTISTATE TAXPAYERS — APPORTION-MENT OF TAXES.

The Michigan Income Tax Act provides that any taxpayer having income from business activity which is taxable within and without Michigan shall allocate and apportion his net income as provided in the act; the act affords relief by providing an alternative method of apportionment where the formulary apportionment method does not fairly represent the extent of the taxpayer's business activity within the state (MCL 206.103, 206.115, 206.195; MSA 7.557[1103], 7.557[1115], 7.557[1195]).

2. TAXATION — INCOME TAX — MULTISTATE TAXPAYERS — APPORTION-MENT OF TAXES — EVIDENCE.

The party seeking to employ ar alternate method for the appor-tionment of income taxes of a multistate business has the burden of showing that the formulary apportionment method is inappropriate by clear and convincing evidence; evidence intro-duced to overcome the formula method of allocation must address each element of the formula's equation, being property, payroll and sales (MCL 206.115, 206.195; MSA 7.557[1115], 7.557[1195]).

3. TAXATION — INCOME TAX — MULTISTATE TAXPAYERS — APPORTION-
MENT OF TAXES.

The preferred method of determining the extent of a multistate
taxpayer's activities in Michigan for income tax purposes is by
the statutory apportionment formula contained in the Michi-
gan Income Tax Act (MCL 206.115; MSA 7.557[1115]).

4. TAXATION — INCOME TAX — MULTISTATE TAXPAYERS — APPORTION-
MENT OF TAXES — EVIDENCE.

The statutory apportionment formula method for determining the
income tax liability for a multistate business is not shown to be
an inappropriate method of determining the Michigan income
tax liability merely because an alternative method of determin-
ing Michigan income tax liability would result in a significantly
higher Michigan taxable income or because the Michigan tax-
able income determined by the formula, when added to the
taxable income used for the determination of income tax liabil-
ity in other states, total less than the taxable income used for
federal tax purposes, since neither of these facts, singularly or
together, establish that the statutorily preferred formulary
apportionment method does not fairly represent the extent of
the taxpayer's business activities in Michigan (MCL 206.115,
206.195; MSA 7.557[1115], 7.557[1195]).

*Van Til, Kasiborski & Ronayne* (by *Lawrence R. Van Til* and *Nanci Wolf Freedman),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Terry P. Gomoll,* Assistants Attorney General, for respondent.

Before: BRONSON, P.J., and MACKENZIE and J. L. BANKS,* JJ.

PER CURIAM. Petitioner appeals as of right from a judgment issued by the Michigan Tax Tribunal upholding an assessment of corporate income tax by respondent against petitioner.

Petitioner is a Wisconsin corporation, with its principal offices in Wisconsin, engaged in the as-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

phalt road paving business. It conducts business in both Wisconsin and Michigan. All bids and estimates for road work are prepared in Wisconsin. All corporate records are kept in Wisconsin. Financing for all projects was obtained through Wisconsin financial institutions. All permanent personnel are in Wisconsin, except for one superintendent. Of its total tonnage of asphalt laid, petitioner's Michigan projects accounted for 14 percent, 14 percent, and 19 percent in the years 1972, 1973, and 1974, respectively.

During the years 1972, 1973, and 1974, petitioner filed state income tax returns in both Wisconsin and Michigan. On its Wisconsin corporate income tax return, petitioner utilized the separate accounting method to ascertain its Wisconsin income tax liability. The separate accounting method required petitioner to isolate the portion of its income which was attributable to its business activities in Wisconsin. As to the years 1972, 1973, and 1974, petitioner's taxable income for Wisconsin was $495,835, $803,299, and $1,289,920, respectively.

A different method, the apportionment formula, was used by petitioner to compute its taxable income for Michigan during those same years. Using the apportionment formula, petitioner allocated $152,827, $260,929, and $285,560 of its total net income to Michigan in 1972, 1973, and 1974.

Respondent initiated an audit of petitioner in 1975. Pursuant to the audit, respondent recalculated petitioner's Michigan taxable income for the years 1972-1974 using the separate accounting method. Essentially, respondent computed the taxable income by examining petitioner's Wisconsin returns and determining those revenues and expenditures attributable to petitioner's business activities in Michigan. Respondent determined that,

by using the separate accounting method, petitioner's income attributable to Michigan was $467,521, $704,539, and $349,615 for the years 1972, 1973, and 1974, respectively. Further, respondent discovered that petitioner, by virtue of the methods it had used to attribute income to Michigan and Wisconsin, had a combined tax base for the two states representing only 61 percent (1972), 73 percent (1973), and 93 percent (1974) of its federal taxable income.

On the basis of a determination by respondent that the separate accounting method more fairly represented petitioner's business activities in Michigan, respondent issued a final assessment and order of determination. The assessment was for an additional $68,404 in income taxes and $20,668.42 in statutory interest, for a total liability of $89,072.42. Respondent's order was affirmed by the Michigan Tax Tribunal.

The statutory provisions applicable to the instant case are as follows:

"Any taxpayer having income from business activity which is taxable both within and without this state, other than the rendering of purely personal services by an individual, shall allocate and apportion his net income as provided in this act." MCL 206.103; MSA 7.577(1103).

The act sets forth the following apportionment formula, which was utilized by petitioner in filing its Michigan tax return: ·

"All business income, other than income from transportation services, domestic insurers and financial organizations, shall be apportioned to this state by multiplying the income by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales

factor, and the denominator of which is 3." MCL 206.115; MSA 7.477(1115).[1]

An exception to use of the apportionment formula is provided in MCL 206.195; MSA 7.557(1195), which states in pertinent part as follows:

"If the allocation and apportionment provisions of this act do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may petition for or the commissioner may require, in respect to all or any part of the taxpayer's business activity, if reasonable:
"(a) Separate accounting."

Hence, the statutorily-mandated requirement which must be met before an alternative method such as separate accounting may be substituted for the apportionment formula is that the latter must be shown to "not fairly represent the extent of the taxpayer's business in this state"; the burden of making such a showing is on the party seeking to employ the alternative method, here, respondent. *Donovan Construction Co v Dep't of Treasury,* 126 Mich App 11, 21; 337 NW2d 297 (1983), *lv den* 419 Mich 894 (1984).

Respondent on appeal argues that the tribunal correctly found that the apportionment formula failed to fairly represent petitioner's business activity in Michigan for two reasons: (1) petitioner's taxable income under the apportionment formula was much less than under the separate accounting method, *i.e.,* a gross disparity existed, and (2) the combined Wisconsin taxable income and Michigan taxable income under the apportionment formula is less than petitioner's total federal taxable in-

[1] 1975 PA 233 deleted the words "domestic insurers and financial organizations" following "transportation services".

come, indicating that the income reported in Michigan was understated.

In *Donovan,* this Court held that the mere fact that the separate accounting results in greater tax liability, or in other words that a gross disparity in taxable income under the apportionment formula and separate accounting method exists, is not a sufficient showing by respondent that the apportionment formula is inadequate. Rather, the state must show that the apportionment formula does not fairly represent the taxpayer's business activities in Michigan by attacking each element of the formula's equation. *Donovan, supra,* pp 20-24. We agree with *Donovan.* In addition to the reasons articulated in the *Donovan* opinion, we note that the apportionment formula is the preferred method established by the Legislature for determining the extent of a taxpayer's business activity in Michigan. To permit respondent to meet its burden by merely pointing to a "gross disparity" between taxable income under the separate accounting method as compared with taxable income under the apportionment formula would necessarily involve a presumption that the separate accounting method is a more accurate means of determining a taxpayer's business activity in Michigan than is the apportionment formula. We concur with the *Donovan* panel that to meet its burden the state must show that the statutorily-preferred apportionment formula is itself inadequate as a means of fairly determining the particular taxpayer's extent of business activity in Michigan. Respondent failed to make such a showing in the instant case.

With respect to respondent's "full apportionment" or "full accountability" argument, we are not persuaded that the fact that petitioner's fed-

eral taxable income exceeds the sum of petitioner's Michigan taxable income under the apportionment formula and Wisconsin taxable income necessarily leads to the conclusion that the apportionment formula does not fairly represent the extent of petitioner's business activity in Michigan. The fact that there may be some portion of federal taxable income which has not been taxed as income in any state might just as well be due to differences in the tax laws of the various states and the federal government. Moreover, respondent cites us to no Michigan tax statute, nor do we know of any, requiring multi-state taxpayers to use some method other than the apportionment formula if it will result in a Michigan taxable income figure which more closely approximates that portion of federal taxable income which has not been taxed as income in any other state.

Reversed. Costs to petitioner-appellant.