JONES & LAUGHLIN STEEL CORPORATION v DEPARTMENT OF TREASURY

WILSON FOODS CORPORATION v DEPARTMENT OF TREASURY

Docket Nos. 80472, 80473. Submitted June 10, 1985, at Lansing.—Decided September 3, 1985. Leave to appeal applied for.

Jones & Laughlin Steel Corporation and Wilson Foods Corporation each petitioned the Tax Tribunal for relief from single business tax assessments made by the Department of Treasury against them. The Tax Tribunal consolidated the petitions. Both petitioners are incorporated in foreign states and have their principal places of business in foreign states. Their products are sold throughout the United States. Jones & Laughlin operates a marketing and sales office, a manufacturing plant, and a retail outlet in Michigan. Wilson Foods operates marketing and sales offices and utilizes certain salesmen in Michigan. They claimed that application of the statutory three-factor formula for apportionment distorted the business activity of the petitioners in the state and that they were thus entitled to an alternative method of apportionment provided for by statute. The Treasury Department contended that they would only be entitled to relief if the final tax liability was out of proportion to the petitioners' business activity in the state. The Tax Tribunal held that the petitioners were entitled to the requested relief. The Treasury Department appealed. *Held:*

The proper test for determining whether the apportionment provisions of the Single Business Tax Act fairly represent the extent of the taxpayer's business activity in the state, thus allowing the use of an alternative method of allocation, is whether the statutorily prescribed method of apportionment accurately reflects the extent of the taxpayer's business activity in the state.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, State and Local Taxation §§ 399-401.

See the annotations in the ALR3d/4th Quick Index under Taxes.

[2] Am Jur 2d, State and Local Taxation §§ 704 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Taxes.

1. TAXATION — SINGLE BUSINESS TAX — APPORTIONMENT — ALTERNA-
   TIVE METHODS OF APPORTIONMENT — FAIRNESS — BURDEN OF
   PROOF.

   The proper test for determining whether the apportionment
   provisions of the Single Business Tax Act fairly represent the
   extent of the taxpayer's business activity in the state, thus
   allowing the use of an alternative method of allocation, is
   whether the statutorily prescribed method of apportionment
   accurately reflects the extent of the taxpayer's business activity
   in the state; the burden of proving distortion of business
   activity in the state by use of the statutorily prescribed appor-
   tionment method is upon the party seeking to use an alterna-
   tive method.

2. TAXATION — SINGLE BUSINESS TAX.

   The single business tax is a levy on the privilege of doing
   business in the state.

*Dickinson, Wright, Moon, Van Dusen & Free-
man* (by *Peter S. Sheldon*), for appellees.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Richard R. Roesch*
and *Charles E. Liken,* Assistants Attorney Gen-
eral, for the Department of Treasury.

Before: MACKENZIE, P.J., and HOOD and J. E.
MIES,* JJ.

MACKENZIE, P.J. Respondent appeals as of right
from a judgment of the Michigan Tax Tribunal
cancelling assessments of single business tax defi-
ciency issued by respondent against petitioners.
We affirm.

Jones & Laughlin Steel Corporation and Wilson
Foods Corporation are incorporated in foreign
states and have their principal places of business
in foreign states. Their products are sold through-
out the United States. Jones & Laughlin operates
a marketing and sales office, a manufacturing

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plant, and a retail sales outlet in Michigan. Wilson Foods operates marketing and sales offices and utilizes certain salesmen in Michigan.

The Single Business Tax Act, MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.,* imposes a specific tax on the adjusted tax base of every person with business activity in this state. *Town & Country Dodge, Inc v Dep't of Treasury,* 420 Mich 226, 234-235; 362 NW2d 618 (1984); MCL 208.31(1); MSA 7.558(31)(1). "Adjusted tax base" is essentially federal taxable income, subject to certain additions and subtractions enumerated at MCL 208.9; MSA 7.558(9). One of these "section 9 adjustments" to the tax base requires the taxpayer to add compensation paid its employees to taxable income. MCL 208.9(5); MSA 7.558(9)(5).

Since petitioners have taxable business activities both within and without Michigan, determination of their single business tax liability requires that each apportion its adjusted tax base to reflect Michigan activity. See MCL 208.41; MSA 7.558(41). Apportionment is achieved by applying to the adjusted tax base a three-factor formula:

"All of the tax base, other than the tax base derived principally from transportation, financial, or insurance carrier services or specifically allocated, shall be apportioned to this state by multiplying the tax base by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is 3." MCL 208.45; MSA 7.558(45).

The three-factor formula produces an apportionment percentage of the taxpayer's business activity attributable to Michigan. By multiplying the taxpayer's adjusted tax base by this apportionment percentage, the taxpayer's Michigan tax base is computed.

Application of the apportionment percentage derived from the statutory formula to petitioners' actual total compensation paid their employees in Michigan yielded a value far in excess of actual compensation paid. During 1976, for example, the actual compensation paid in Michigan by Wilson Foods was $91,642, whereas its apportioned compensation was $2,975,400. Accordingly, from 1976 to 1978, in lieu of calculating their Michigan tax base as provided by the statutory apportionment formula, both petitioners used a two-step apportionment/allocation calculation. First, each petitioner applied the statutory three-factor apportionment formula to its adjusted tax base exclusive of the § 9 compensation adjustment. Second, they allocated the exact amount of compensation paid which was attributable to Michigan. From this sum, they determined their single business tax liability.

Pursuant to audits conducted by respondent, petitioners' single business tax for the years 1976-1978 was recalculated by including compensation as part of each petitioners' adjusted tax base and applying the statutory apportionment formula. Using this method, respondent assessed deficiencies of $556,697 and $37,694 against Jones & Laughlin and Wilson Foods, respectively.

The Tax Tribunal ordered the cancellation of the assessed deficiencies pursuant to § 69 of the Single Business Tax Act, which provides in relevant part:

"(1) If the apportionment provisions of this act do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may petition for or the commissioner may require, in respect to all or any part of the taxpayer's business activity, if reasonable:

* * *

"(d) The employment of any other method to effectu-

ate an equitable allocation and apportionment of the taxpayer's tax base." MCL 208.69; MSA 7.558(69).

The sole issue before this Court is whether on these facts petitioners were entitled to § 69 relief. What constitutes "fairness" for purposes of this section is a question of first impression. Respondent contends that fairness is tested by weighing the reasonableness of the taxpayer's final tax liability against the level of its business activity within the state, citing *Armco Steel Corp v Dep't of Revenue,* 359 Mich 430; 102 NW2d 552 (1960), *app dis* 364 US 337; 81 S Ct 124; 5 L Ed 2d 99 (1960). The problem with respondent's proposed test is that it does not focus on the fairness of the *apportionment* provisions of the act, for which § 69 is designed to provide relief. We believe instead that the proper test for invoking § 69 relief is whether the taxpayer's Michigan tax base, as derived from the application of the three-factor apportionment formula to its adjusted tax base, accurately reflects the extent of the taxpayer's business activity within the state.

Section 69 is, for pertinent purposes, identical to the relief provision of the Income Tax Act of 1967, alternatively referred to as the Michigan corporate income tax, see MCL 206.195; MSA 7.557(1195), and the provision affording relief from the apportionment formula which was once used in determining franchise fees, see MCL 450.305(5); MSA 21.208(5), repealed by 1975 PA 230, § 1. The single business tax is, and the franchise fee was, a levy on the privilege of doing business in the state. *Acco Industries, Inc v Dep't of Treasury,* 134 Mich App 316; 350 NW2d 874 (1984), *lv den* 421 Mich 856 (1985); *International Telephone & Telegraph Corp v Michigan,* 50 Mich App 5; 213 NW2d 226 (1973), *lv den* 391 Mich 774 (1974). Although the

corporate business income tax is a tax on income, "the logic employed by the court [in interpreting the relief provision of the Michigan corporate income tax] should be equally applicable to the single business tax since similar provisions exist for combined filing". Weithorn & Zartarian, *Taxation: State and Local,* 30 Wayne Law Review 789, 790 (1984). Thus, we look to interpretations of the relief provisions found in those statutes to determine what is meant by the proviso that "the apportionment provisions * * * do not fairly represent the extent of the taxpayer's business activity in this state".

In *Donovan Construction Co v Dep't of Treasury,* 126 Mich App 11; 337 NW2d 297 (1983), *lv den* 419 Mich 894 (1984), the Treasury Department requested that plaintiff's corporate income tax be computed through a separate accounting method, which method would yield a greater tax liability than the statutory three-factor apportionment formula. The Department argued that the apportionment formula resulted in a "gross disparity" in tax liability. This Court upheld use of the apportionment formula, stating:

"Only if formulary apportionment does not fairly represent the extent of the taxpayer's business activity in the state may a different method, such as separate accounting, be employed. The party seeking to employ an alternate apportionment method has the burden of showing that the formulary apportionment method is inappropriate by clear and convincing evidence. * * * Evidence introduced to overcome the formula method of allocation must address each element of the formula's equation." 126 Mich App 21-22.

Elucidating on the type of showing which must be made, this Court stated:

"[A]pplication of the separate accounting [or some

other alternative formula] solely on the basis that there is a gross disparity in the results between the different methods results in the use of the separate accounting because the tax liability is greater and not because separate accounting more accurately reflects the corporate taxpayer's unitary business in the state. This Court is of the opinion that, *in addition to the gross disparity between the results, additional evidence should be considered in demonstrating that the statutory formula inadequately or inaccurately represents the taxpayer's unitary business activity in the taxing state"*. 126 Mich App 21, fn 2. (Emphasis added.)

In *Payne & Dolan of Wisconsin, Inc v Dep't of Treasury,* 138 Mich App 418; 360 NW2d 208 (1984), the Treasury Department also contended that for corporate income tax purposes the separate accounting method more fairly represented the taxpayer's business activities in Michigan. The basis of the contention was again the "gross disparity" between petitioner's taxable income under the apportionment formula and the separate accounting method. This Court rejected the argument, stating:

"To permit respondent to meet its burden by merely pointing to a 'gross disparity' between taxable income under the separate accounting method as compared with taxable income under the apportionment formula would necessarily involve a presumption that the separate accounting method is a more accurate means of determining a taxpayer's business activity in Michigan than is the apportionment formula. We concur with the *Donovan* panel that *to meet its burden the state must show that the statutorily-preferred apportionment formula is itself inadequate as a means of fairly determining the particular taxpayer's extent of business activity in Michigan"*. 138 Mich App 424. (Emphasis added.)

In *Donovan* and *Payne & Dolan,* the Treasury Department based its requests for relief primarily

on a showing of gross disparity in tax liability results and not on a showing that the apportionment formula distorted business activity within the state. Therefore, this Court denied relief. Similarly, because the burden of showing distorted activity was not met in *International Telephone & Telegraph Corp, supra,* the corporation was not entitled to relief in computing franchise fees. The basis for denial of relief in these cases was *not,* as respondent suggests, that the resulting franchise fee or tax liability seemed reasonable or not excessive. The inquiry does not turn on the end result, *i.e.,* tax liability. Rather, it turns on whether the basis for computing tax liability is fair, *i.e.,* is the business activity subject to taxation accurately reflected by application of the three-factor formula?

This Court reviews Tax Tribunal decisions to determine whether such decisions are authorized by law and whether they are supported by competent, material, and substantial evidence on the whole record. *Terco, Inc v Dep't of Treasury,* 127 Mich App 220, 223; 339 NW2d 17 (1983); Const 1963, art 6, § 28. Based on *Donovan, Payne & Dolan,* and *International Telephone & Telegraph Corp, supra,* it is clear that the Tax Tribunal's analysis was based on an accurate statement and understanding of the law. Both the Single Business Tax Act and similar provisions in other acts permit relief if business activity within the state is distorted by the apportionment formula. Therefore, the Tax Tribunal's decision granting relief will be upheld if the evidence regarding business activity supports its determination.

The parties stipulated below that (1) 85 percent to 100 percent of the petitioners' adjusted tax bases were comprised of compensation; (2) use of the apportionment formula indicated that the com-

pensation was $12,000,000 to $17,000,000 higher than actual compensation for Jones & Laughlin and $2,000,000 higher than actual compensation for Wilson Foods for each of the three years in question; and (3) the compensation attributable to Michigan could be precisely calculated for both corporations. Petitioners did not merely show a gross disparity in tax liability depending on the accounting method employed. Instead, based on the stipulated facts, petitioners presented evidence which demonstrated that the three-factor formula over-apportioned or excessively attributed compensation to Michigan. The facts revealed that the compensation component of business activity subject to taxation was overstated by approximately 50 percent. As required by *Donovan, supra,* p 21, fn 2, petitioners presented clear and convincing evidence "that the statutory formula inadequately or inaccurately represent[ed] [their] unitary business activity in the taxing state". We thus conclude that the decision of the Tax Tribunal was authorized by law and supported by competent, material, and substantial evidence on the whole record.

Affirmed.