WISMER & BECKER CONTRACTING ENGINEERS v
DEPARTMENT OF TREASURY

Docket No. 81744. Submitted July 2, 1985, at Lansing.—Decided
November 4, 1985.

In computing its single business taxes for 1977, 1978 and 1979,
petitioner, Wismer & Becker Contracting Engineers, a multi-
state business, included its distributive share of out-of-state
joint venture property, payroll and sales in computing the
apportionment fraction which the Single Business Tax Act
(SBTA), MCL 208.1 *et seq.*, utilizes in apportioning all of a
taxpayer's business activity in order to arrive at a tax base
which reflects business activity in Michigan. Respondent, Mich-
igan Department of Treasury, disallowed these reported items
and assessed a tax deficiency against petitioner for the three
years. Wismer & Becker's petition of appeal from the decision
and order of determination by the respondent was heard by the
Michigan Tax Tribunal which held that joint venture property,
payroll and sales were includable in the apportionment fraction
because petitioner's business activity, directly and as a member
of the joint ventures, consititued a unitary business and,
consequently, comprised, for tax purposes, a single business
unit. Respondent appeals. *Held:*

1. The term "the average value of all the taxpayer's real and
tangible personal property owned or rented during the tax
year" contained in § 46 of the SBTA does not include petition-
er's share of the real and tangible personal property owned or
rented by the joint ventures of which it was a member during
1977, 1978 and 1979.

2. The term "the total wages paid everywhere during the tax
year by the taxpayer" contained in § 49 of the SBTA does not
include petitioner's distributive share of the total wages paid by
the joint ventures of which it was a member during 1977, 1978
and 1979.

3. The term "the total sales of the taxpayer everywhere

REFERENCES FOR POINTS IN HEADNOTES
[1-4, 6-9] Am Jur 2d, State and Local Taxation §§ 566, 577.
[5] Am Jur 2d, Joint Ventures § 40.
  See the annotations in the ALR3d/4th Quick Index under Joint
  Adventure.

during the tax year" in § 51 of the SBTA does not include petitioner's distributive share of the total sales of the joint ventures of which it was a member during 1977, 1978 and 1979.

4. The petitioner is not entitled to add to the denominators of the §§ 46, 49 and 51 fractions in the numerator of the § 45 fraction a proportionate share of the property, payroll and sales of the joint ventures.

5. Petitioner's property interest in the joint ventures is a share of the profits and surplus, which is an intangible interest. The § 46 property factor includes only the taxpayer's real and tangible personal property and, accordingly, excludes petitioner's interest in the joint ventures.

6. The "unitary business" concept has absolutely no relevance to the determination of whether interdependent business entities are one or more taxpayers under the act. The Legislature has made that determination. The SBTA does not allow petitioner to treat itself and its joint ventures as a single taxpayer either in calculating its tax base under § 9 or in apportioning its tax base under § 45. The act recognizes a joint venture as a separate and distinct taxpayer subject to the single business tax if conducting business in Michigan regardless of whether the joint venture is part of a unitary business composed of other taxpayers. Section 9(9) excludes from the tax base income or loss from any other entity (including joint ventures) which is subject to the tax or which would be subject to the tax if conducting business in Michigan.

7. The Court of Appeals disagreed with petitioner's contention regarding the application of § 702 of the Internal Revenue Code, 26 USC 702, to this action for the reason that (a) section 702 does not relate to the apportioning of business activity of a multi-state business and (b) the Internal Revenue Code does not tax partnerships or joint ventures separately as does the Michigan Single Business Tax Act.

8. The Tax Tribunal erred in cancelling the assessment. The Tax Tribunal is reversed and the deficiency assessments for the years 1977, 1978 and 1979 are reinstated.

Reversed.

1. TAXATION — SINGLE BUSINESS TAX ACT — APPORTIONMENT OF BUSINESS ACTIVITY.

A multi-state taxpayer may not add its proportionate share of the property, sales and payroll of joint ventures in which the taxpayer is a member when computing the apportionment fraction which the Single Business Tax Act utilizes in appor-

tioning all of the taxpayer's business activity in order to arrive at a tax base which reflects the taxpayer's business activity in Michigan (MCL 208.9[9], 208.45, 208.46, 208.49, 208.51; MSA 7.558[9][9], 7.558[45], 7.558[46], 7.558[49], 7.558[51]).

2. TAXATION — SINGLE BUSINESS TAX ACT.

The single business tax is a tax upon the privilege of doing business and not upon income; the act is designed to tax only that activity that takes place in Michigan (MCL 208.1 *et seq.;* MSA 7.558[1] *et seq.).*

3. TAXATION — SINGLE BUSINESS TAX ACT — "PERSONS".

The Single Business Tax Act imposes a specific tax on the adjusted tax base of every "person" with business activity in the state; the act defines "person" to mean an individual, firm, bank, financial institution, limited partnership, copartnership, partnership, joint venture, association, corporation, receiver, estate, trust, or any other group or combination acting as a unit (MCL 208.6[1]; MSA 7.558[6][1]).

4. TAXATION — SINGLE BUSINESS TAX ACT — "TAXPAYER".

The Single Business Tax Act defines a "taxpayer" as a person liable for a tax, interest or penalty under the act; a taxpayer and the joint ventures in which the taxpayer is a member are treated as separate taxpayers under the act and are separately liable for a tax under the act (MCL 208.6[1], 208.10[2]; MSA 7.558[6][1], 7.558[10][2]).

5. TAXATION — JOINT VENTURES — PROPERTY INTERESTS.

The members of a joint venture have a property interest in the joint venture in which they are members; such interest is a share of the profits and surplus of the joint venture, which is an intangible interest (MCL 449.26; MSA 20.26).

6. TAXATION — SINGLE BUSINESS TAX ACT — APPORTIONMENT OF TAX BASE — PROPERTY FACTOR.

The property factor provided in the Single Business Tax Act for use in apportioning a taxpayer's tax base to Michigan includes only the taxpayer's real and tangible personal property, *not the taxpayer's intangible interests in property* (MCL 208.45, 208.46; MSA 7.558[45], 7.558[46]).

7. TAXATION — SINGLE BUSINESS TAX ACT — APPORTIONMENT OF TAX BASE — UNITARY BUSINESSES.

The three-factor formula for apportionment provided in the Single Business Tax Act is a method of formulary apportionment and must be used by all taxpayers whose business activities are

taxable both within and without the state regardless of whether the taxpayer is a unitary business or not, unless the taxpayer falls within the exception provided for situations where the formulary apportionment does not fairly represent the extent of the taxpayer's business activity in this state (MCL 208.45, 208.46, 208.49, 208.51, 208.69; MSA 7.558[45], 7.558[46], 7.558[49], 7.558[51], 7.558[69]).

8. TAXATION — SINGLE BUSINESS TAX ACT — TAX BASE — ADJUSTMENTS TO TAX BASE.

A subsection of the Single Business Tax Act which provides for one of the adjustments to be made in arriving at the "tax base" excludes from the tax base of a taxpayer income or loss from any other entity, including a joint venture of which the taxpayer is a member, which is subject to the tax or which would be subject to the tax if conducting business in the state (MCL 208.9[9]; MSA 7.558[9][9]).

9. TAXATION — SINGLE BUSINESS TAX ACT — DEFINITIONS.

The Single Business Tax Act provides that a term not defined differently in the act shall have the same meaning as when used in a comparable context of the Internal Revenue Code (MCL 208.2[2]; MSA 7.558[2][2]).

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Louis W. Kasischke* and *Joseph Enzo Zerbini),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for respondent.

Before: SHEPHERD, P.J., and R. B. BURNS and R. L. TAHVONEN,* JJ.

SHEPHERD, P.J. This appeal concerns the manner in which the tax base of a multi-state business is to be apportioned to reflect only Michigan business activity under Michigan's Single Business Tax Act (SBTA), MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.* We are called upon to determine whether a tax-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

payer may add its proportionate share of the property, sales, and payroll of joint ventures in which the taxpayer is a member when computing the apportionment fraction which the SBTA utilizes in apportioning all of a taxpayer's business activity in order to arrive at a tax base which reflects business activity in Michigan. The dispute revolves around §§ 9(9), 45, 46, 49 and 51 of the SBTA. MCL 208.9(9); MSA 7.558(9)(9), MCL 208.45; MSA 7.558(45), MCL 208.46; MSA 7.558(46), MCL 208.49; MSA 7.558(49), MCL 208.51; MCL 7.558(51).

In computing its taxes for 1977, 1978 and 1979, petitioner, Wismer & Becker Contracting Engineers, included its distributive share of out-of-state joint venture property, payroll and sales in the apportionment formula described in §§ 45 through 53 of the SBTA. Respondent, Michigan Department of Treasury, disallowed these reported items and assessed a tax deficiency against petitioner for the three years. Wismer & Becker filed a petition of appeal with the Michigan Tax Tribunal, which held that joint venture property, payroll and sales were includable in the apportionment fraction because "petitioner's business activity, directly and as a member of joint ventures, constituted a unitary business" and, consequently, "comprised, for tax purposes, a single business unit". We disagree and reverse. For reasons elaborated upon in this opinion, the inclusion of joint venture property, payroll and sales in the formula would, in this case, result in a lower tax. This is because the joint ventures are out-of-state. By reversing the Tax Tribunal we are allowing a higher tax to be imposed on petitioner.

I

*Facts*

This case was presented on an agreed statement

of facts and issues which can be summarized as follows.

Petitioner, Wismer & Becker Contracting Engineers, is a California corporation engaged in mechanical/electrical construction and computer-aided systems design and installation. Petitioner conducted business activity in Michigan and in various other states during the tax years in question. It also was a member of various joint ventures which conducted business activity in other states during the tax years. Petitioner's business activity, directly and as a member of the joint ventures, constituted a unitary business. Each joint venture's business activity would have been taxable under the SBTA if the joint venture had engaged in business activity within the State of Michigan. In addition, each joint venture constituted a "partnership" for federal income tax purposes and each filed a Form 1065—United States Partnership Return of Income.

Petitioner apportioned its tax base to Michigan using the three-factor formula set forth in § 45 of the SBTA. In determining its total property, payroll and sales under §§ 46, 49 and 51, petitioner included its share of property, payroll and sales of the out-of-state joint ventures. The Department of Treasury subsequently excluded these amounts.

The issues were framed as follows:

"Does the term 'the average value of all the taxpayer's real and tangible personal property owned or rented during the tax year' in Section 46 of the SBTA include Petitioner's share of the real and tangible personal property owned or rented by the joint ventures of which it was a member during 1977, 1978 and 1979?

"Does the term 'the total wages paid everywhere during the tax year by the taxpayer' in Section 49 of

the SBTA include Petitioner's distributive share of the total wages paid by the joint ventures of which it was a member during 1977, 1978 and 1979?

"Does the term 'the total sales of the taxpayer everywhere during the tax year' in Section 51 of the SBTA include Petitioner's distributive share of the total sales of the joint ventures of which it was a member during 1977, 1978 and 1979?"

## II

### The Single Business Tax Act

The single business tax is a tax upon the privilege of doing business and not upon income. It "is best understood as a value added tax, although it is not a pure value added tax". *Town & Country Dodge, Inc v Dep't of Treasury*, 420 Mich 226, 234; 362 NW2d 618 (1984). A value added tax taxes economic activity itself, unlike an income tax, which taxes what has been received from the economy at a later time when it becomes "income". *Mobil Oil Corp v Dep't of Treasury*, 422 Mich 473; 373 NW2d 730 (1985). In theory, the income tax and the value added tax impose a tax on the same things, but at different stages of the economic process, and should generate the same amount of revenue, even though collected from different sources. See *Mobil Oil Corp, supra.*

## III

### Apportionment

The SBTA imposes a specific tax on the adjusted tax base of every "person" with business activity in the state. MCL 208.31(1); MSA 7.558(31)(1). Section 6 defines "person" as follows:

"Sec. 6. (1) 'Person' means an individual, firm, bank,

financial institution, limited partnership, copartnership, partnership, *joint venture,* association, corporation, receiver, estate, trust, or any other group or combination acting as a unit." MCL 208.6(1); MSA 7.558(6)(1) (emphasis added).

Thus it is clear that under the SBTA petitioner and its joint ventures are treated as separate taxpayers. Indeed, petitioner has conceded that each joint venture's business activity would have been separately taxable under the SBTA if the joint venture had engaged in business activity within the state.

The starting point for determining single business tax liability is § 9, MCL 208.9; MSA 7.558(9), which uses business income as a basis and then provides for certain additions and subtractions thereto in order to arrive at the taxpayer's "tax base". The term "tax base" is defined in § 9(1) of the act to mean:

"* * * business income, before apportionment, or allocation as provided in chapter 3, even if zero or negative, subject to the adjustments in subsections (2) to (10) *[sic]*." MCL 208.9(1); MSA 7.558(9)(1).

"Business income" is defined in the act to mean federal taxable income. MCL 208.3(3); MSA 7.558(3)(3).

Subsection (9) of § 9 provides for one of the adjustments to be made in arriving at "tax base":

"(9) To the extent included in federal taxable income, add the loss or subtract the gain from the tax base that is attributable to another entity whose business activities are taxable under this act or would be taxable under this act if the business activities were in this state." MCL 208.9(9); MSA 7.558(9)(9).

Subsection (9) was added by amendment effective

January 1, 1976, the effective date of the SBTA, to prevent double taxation. See Analysis—House Bill 6451 (December 10, 1976). Pursuant to subsection (9), petitioner adjusted its tax base to exclude it proportionate share of the income or loss of the joint ventures.

Once the § 9 tax base is determined, a taxpayer with business activities which are taxable both within and without the state must apportion its tax base as provided in Chapter 3 to arrive at its "adjusted tax base" under § 31. MCL 208.41; MSA 7.558(41). The act is designed to tax only that activity that takes place in Michigan. It is the allocation and apportionment provisions of Chapter 3 which give rise to the present controversy.

Section 45 of the act states the basic method for apportioning the tax base to Michigan:

"Sec. 45. All of the tax base, other than the tax base derived principally from transportation, financial, or insurance carrier services or specifically allocated, shall be apportioned to this state by multiplying the tax base by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is 3." MCL 208.45; MSA 7.558(45).

Sections 46, 49 and 51 provide the method for determining the three factors in the numerator of the § 45 fraction:

"Sec. 46. The property factor is a fraction, the numerator of which is the average value of the taxpayer's real and tangible personal property owned or rented in this state during the tax year and the denominator of which is the average value of all the taxpayer's real and tangible personal property owned or rented during the tax year." MCL 208.46; MSA 7.558(46).

"Sec. 49. The payroll factor is a fraction, the numerator of which is the total wages paid in this state during the tax year by the taxpayer and the denominator of which is the total wages paid everywhere during the

tax year by the taxpayer. * * *." MCL 208.49; MSA 7.558(49).

"Sec. 51. The sales factor is a fraction, the numerator of which is the total sales of the taxpayer in this state during the tax year, and the denominator of which is the total sales of the taxpayer everywhere during the tax year." MCL 208.51; MSA 7.558(51).

Section 45 requires a taxpayer to apportion its tax base to this state by multiplying the tax base by a fraction, the numerator of which is composed of "the property factor plus the payroll factor plus the sales factor", and the denominator of which is 3. Thus, as the value of each factor nears 1, the amount of tax base apportioned to Michigan becomes larger. Sections 46, 49 and 51 respectively describe each factor. Each factor is itself a fraction with a numerator and a denominator. The numerator of each fraction is composed of the taxpayer's in-state property, payroll or sales. The denominator of each fraction consists of all the taxpayer's property, its total payroll everywhere, or its total sales everywhere. Thus, the more Michigan property, payroll and sales a taxpayer has in proportion to its out-of-state property, payroll and sales, the closer the value of each factor will be to 1. A diagrammatic representation of §§ 45, 46, 49 and 51 would look as follows:

$$\text{TAX BASE} \times {}^{1} \frac{\dfrac{\text{MICH PROPERTY}^{2}}{\text{TOTAL PROPERTY}} + \dfrac{\text{MICH PAYROLL}^{3}}{\text{TOTAL PAYROLL}} + \dfrac{\text{MICH SALES}^{4}}{\text{TOTAL SALES}}}{3} = \text{MICH TAX BASE}$$

[1] The larger fraction is the § 45 fraction, the numerator of which is composed of three separate fractions.

[2] This is the § 46 fraction.

[3] This is the § 49 fraction.

[4] This is the § 51 fraction.

Certain conclusions become apparent from an examination of this formula.

1. If joint venture income is excluded from the tax base, petitioner's tax is reduced by reason of the existence of the joint ventures.

2. If all of a taxpayer's sales, property and payroll are in Michigan, each factor in the numerator of the § 45 fraction will be 1; the total in this numerator will be 3 and, when divided by the denominator of 3, the tax base will be multiplied by 1 and the Michigan tax base will be unaffected. This is exactly what the Legislature wanted to do, *i.e.,* if all business activity of the taxpayer is in Michigan, the maximum tax is imposed. We note that the term "business activity" could have been defined with reference to many factors; the Legislature chose to define it with reference to sales, payroll and property of the taxpayer.

3. Since in this case petitioner has no joint ventures in Michigan it is in its interest to argue the position that joint ventures should be included in the denominators of the §§ 46, 49 and 51 fractions, *i.e.,* as non-Michigan joint ventures increase, the magnitude of the fractions in the numerator of the § 45 fraction would decrease, the total number in the numerator of the § 45 fraction would become smaller and the tax under the SBTA would become less. We can conceive of other cases in which joint ventures exist within and without Michigan in differing proportions and where the tax consequences to a taxpayer might be more or less favorable. It is not our function to decide which tax consequences are better or worse on policy grounds. Rather, we are simply called upon to decide whether a proper reading of the SBTA

results in an across-the-board exclusion of joint ventures from the formula. The Legislature is always free to change the formula if it desires different consequences. It is true that in this case we have the apparently anomolous situation of a taxpayer whose Michigan tax might increase as a result of its having all of its joint venture property, payroll and sales outside of Michigan. However, this is at least partially offset by the fact that the tax base side of the formula is diminished to the extent that the taxpayer has joint venture income or losses anywhere.

As indicated, the present dispute involves whether petitioner is entitled to add to the denominators of each of the above-defined fractions in the numerator of the § 45 fraction a proportionate share of the property, payroll and sales of the joint ventures. The effect of including these items is, again, to decrease each of the separate fractions as well as the large fraction, which would in turn decrease petitioner's Michigan tax base and result in a lower tax. We believe that the statute does not allow petitioner to add a proportionate share of any of these items attributable to the joint ventures. Both the language of these sections and the overall structure of the SBTA indicate that these items should not be included.

The language of the statute is clear. The § 46 denominator is the average value of all *the taxpayer's* real and tangible personal property owned or rented during the tax year. The § 49 denominator is the total wages paid everywhere during the tax year *by the taxpayer.* The § 51 denominator is the total sales *of the taxpayer* everywhere during the tax year. Section 10(2) defines "taxpayer" as "a person liable for a tax, interest or penalty under

this act". MCL 208.10(2); MSA 7.558(10)(2). As discussed above, petitioner and the joint ventures are treated as separate taxpayers under the act and are separately liable for a tax. MCL 208.6(1); MSA 7.558(6)(1). The property, payroll and sales at issue in this case are those of the joint ventures, not the petitioner. We note that petitioner does have a property interest in the joint ventures but its interest is a share of profits and surplus, which is an intangible interest. See § 26 of the Uniform Partnership Act, MCL 449.26; MSA 20.26; 60 Am Jur 2d, Partnership, § 101, p 29. The § 46 property factor includes only the taxpayer's real and tangible personal property and, accordingly, excludes petitioner's interest in the joint ventures.

The Tax Tribunal held that because petitioner's business together with the joint venture businesses constituted a unitary business they were for tax purposes a single business unit.

The Tax Tribunal misconstrues the significance of the concept of "unitary business". The concept apparently has been used by some states to determine whether a taxpayer is subject to formulary apportionment as opposed to separate accounting. 71 Am Jur 2d, State and Local Taxation, § 577, p 842. A unitary business is one in which its various parts are interdependent and form one business unit. *Id.* The three-factor formula for apportionment adopted by the Legislature in Chapter 3 is a method of formulary apportionment and must be used by all taxpayers whose business activities are taxable both within and without the state regardless of whether the taxpayer is a unitary business or not, unless the taxpayer falls within the exception provided in § 69. Section 69 allows a taxpayer to petition for, or the Tax Commissioner to require, the use of various methods of apportionment, including separate accounting, where the

Chapter 3 formulary apportionment does not fairly represent the extent of the taxpayer's business activity in this state. MCL 208.69; MSA 7.558(69). If the unitary concept has any relevance at all within the framework of the SBTA, it is only as a tool to determine whether a taxpayer should utilize the exceptional relief of separate accounting under § 69. It has absolutely no relevance to the determination of whether interdependent business entities are one or more taxpayers under the act. That determination expressly has been made by the Legislature in the act. As discussed above, the act does not allow petitioner to treat itself and its joint ventures as a single taxpayer either in calculating its tax base under § 9 or in apportioning its tax base under § 45. On the contrary, the act recognizes a joint venture as a separate and distinct taxpayer subject to the single business tax if conducting business in Michigan regardless of whether the joint venture is part of a unitary business composed of other taxpayers. Petitioner would have this Court read into the act an exception for unitary businesses that simply does not exist.

Consistent with our interpretation, § 9(9) excludes from the tax base income or loss from any other entity (including joint ventures) which is subject to the tax or which would be subject to the tax if conducting business in the state. MCL 208.9(9); MSA 7.558(9)(9). It would make no sense to treat petitioner and its joint ventures as separate taxpayers when calculating the tax base under § 9 and then treat them as the same taxpayer for apportionment purposes.

Petitioner's second and final argument in favor of its interpretation of §§ 45, 46, 49 and 51 is that since § 702 of the Internal Revenue Code (IRC), 26 USC 702, requires a partner to aggregate its sepa-

rate income or loss and its distributive share of partnership income or loss, and since § 2(2) of the SBTA, MCL 208.2(2); MSA 7.558(2)(2), provides that a term not defined differently shall have the same meaning as when used in a comparable context of the IRC, § 2(2) requires petitioner to aggregate its share of joint venture property, wages and sales and its separate property, wages and sales for purposes of three-factor apportionment under Chapter 3. We disagree.

Section 702 of the IRC is not a comparable provision because it has nothing to do with apportioning business activity or income of a multi-state business among the states in which the taxpayer does business. Moreover, unlike the SBTA, the IRC does not tax partnerships or joint ventures separately and, consequently, requires a member of a joint venture to aggregate its separate income or loss with its share of joint venture income or loss in order to tax joint venture income.

In summary, we hold that petitioner is not allowed to add a proportionate share of the value of property, sales and payroll of joint ventures in which it is a member when determining the denominators of the apportionment fractions of the SBTA. Therefore, the Tax Tribunal erred in cancelling the assessment. Accordingly we reverse the Tax Tribunal and reinstate the deficiency assessments of the respondent, Department of Treasury, for the tax years 1977, 1978 and 1979.

Reversed.