TRINOVA CORPORATION v DEPARTMENT OF TREASURY

Docket No. 100641. Submitted February 11, 1988, at Lansing. Decided February 22, 1988. Leave to appeal granted, 430 Mich —.

Trinova Corporation, an Ohio corporation licensed to do business in Michigan, brought an action against the Michigan Department of Treasury in the Court of Claims, seeking to recover $293,528 which it allegedly overpaid on its single business tax in 1980. Trinova claimed that the statutorily mandated three-factor average percentage used to determine the corporation's Michigan business activity when applied to the compensation and property factors resulted in compensation and property figures which were well in excess of the actual figures and that, on the basis of the holding in *Jones & Laughlin Steel Corp v Dep't of Treasury,* 145 Mich App 405 (1985), it was entitled to an alternative method of apportionment which would result in the claimed tax saving. The Department of Treasury argued that Trinova was not entitled to use an alternative method of apportionment and that Trinova owed additional taxes for 1980 on the basis of an alternative one-factor formula the department proposed. Both Trinova and the department moved for summary disposition. The Court of Claims, Robert Holmes Bell, J., granted Trinova's motion for summary disposition, adopted the reasoning of *Jones & Laughlin* and held that, as a matter of law, the statutory apportionment formula failed to accurately reflect Trinova's Michigan business activity. The department appealed.

The Court of Appeals *held:*

1. The holding in *Jones & Laughlin* is rejected, since the *Jones & Laughlin* opinion fails to take into account that, to the extent that the statutorily computed average figure would overevaluate one or two of the three factors making up the average, it would have the effect of underevaluating the remaining factor or factors. The Legislature's 1987 legislative response to the *Jones & Laughlin* decision clearly evidences

REFERENCES

Am Jur 2d, State and Local Taxation §§ 305, 576, 677.

See the annotations in the Index to Annotations under Apportionment and Allocation; Taxes; Taxpayers.

that it was always the intent of the Legislature that the alternative method of apportionment provision was to be available only where application of the apportionment figure calculated from the statutory formula would result in an unfair representation of the taxpayer's Michigan business activity taken as a whole.

2. Since the 1987 amendment by the Legislature was to clarify its original intent in the face of a judicial pronouncement which was contrary to the Legislature's original intent, it is proper to give retrospective application to the provisions of the 1987 amendment.

Reversed and remanded.

1. TAXATION — SINGLE BUSINESS TAX — APPORTIONMENT OF TAX BASE — ALTERNATIVE METHODS OF APPORTIONMENT.

Relief from application of the three-factor apportionment formula of the Single Business Tax Act was available under the provision allowing exemption from the allocation provision under certain circumstances prior to the 1987 amendment of that provision only where application of the apportionment formula resulted in an unfair representation of the taxpayer's Michigan business activity taken as a whole; relief under that section was not available merely because the calculated average figure failed to accurately reflect one or two of the three factors where final allocation resulting from the statutorily calculated figure fairly represented the Michigan business activity taken as a whole (MCL 208.69; MSA 7.558[69]).

2. TAXATION — SINGLE BUSINESS TAX — APPORTIONMENT OF TAX BASE — AMENDMENT OF STATUTES — LEGISLATIVE INTENT — RETRO-ACTIVITY.

The Legislature clearly intended the 1987 amendment of the provision of the Single Business Tax Act permitting alternative methods of apportionment of tax base under certain circumstances to have retroactive effect; since it is clear that the 1987 amendment was a response to a decision of the Court of Appeals and evidenced a clear expression by the Legislature that the amendment was an attempt to more certainly express the Legislature's original intent, the amendatory section should be retrospectively applied to the date of the original statute (1987 PA 39; MCL 208.69; MSA 7.558[69]).

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Ernest Getz* and *Elizabeth Trickey*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistant Attorneys General, for defendant.

Amicus Curiae:

*Clark, Klein & Beaumont* (by *David H. Vincent, J. Walker Henry, Curtis J. Mann* and *Joseph A. Bonventre*), and *Thomas J. Hughes* and *E. Alan Moorhouse,* of Counsel, for Michigan Manufacturers Association.

Before: R. M. MAHER, P.J., and SHEPHERD and K. TERTZAG,* JJ.

PER CURIAM. This appeal involves the method by which plaintiff, Trinova Corporation, is to apportion its adjusted tax base to reflect its Michigan business activity for the year 1980 pursuant to the Single Business Tax Act, MCL 208.1 *et seq.*; MSA 7.558(1) *et seq.* Trinova, an Ohio corporation licensed to do business in Michigan, manufactures automobile parts which it sells throughout the United States, including Michigan. In 1980, Trinova had an office here and employed fourteen persons who solicited orders for Trinova's glass division and provided liaison with its Michigan customers. Trinova's 1980 sales in the state totaled $103,981,354, more than one-fourth of its total sales.

The Single Business Tax Act (SBTA) imposes a specific tax on what is known as the "adjusted tax base" of every person, such as Trinova, with business activity in Michigan which is allocated or apportioned to Michigan. *Town & Country Dodge, Inc v Dep't of Treasury,* 420 Mich 226, 234-235;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

362 NW2d 618 (1984), reh den 421 Mich 1202(1985); MCL 208.31(1); MSA 7.558(31)(1). As was held by this Court in *Wismer & Becker Contracting Engineers v Dep't of Treasury,* 146 Mich App 690, 696; 382 NW2d 505 (1985):

> The Single Business Tax is a tax upon the privilege of doing business and not upon income. It "is best understood as a value added tax, although it is not a pure value added tax." *Town & Country Dodge, Inc v Dep't of Treasury,* 420 Mich 226, 234; 362 NW2d 618 (1984). A value added tax taxes economic activity itself, unlike an income tax, which taxes what has been received from the economy at a later time when it becomes "income." *Mobil Oil Corp v Dep't of Treasury,* 422 Mich 473; 373 NW2d 730 (1985). In theory, the income tax and the value added tax impose a tax on the same things, but at different stages of the economic process, and should generate the same amount of revenue, even though collected from different sources. See *Mobil Oil Corp, supra.*

The adjusted tax base to which the single business tax applies consists of federal taxable income subject to certain additions and subtractions contained in § 9 of the act. MCL 208.9; MSA 7.558(9).

Since Trinova has taxable activities both within and outside Michigan, it is liable for an apportioned single business tax pursuant to MCL 208.41; MSA 7.558(41). The apportionment is arrived at by applying a three-factor formula to the adjusted tax base:

> All of the tax base, other than the tax base derived principally from transportation, financial, or insurance carrier services or specifically allocated, shall be apportioned to this state by multiplying the tax base by a fraction, the numerator of which is the property factor plus the payroll factor

plus the sales factor, and the denominator of which is 3. [MCL 208.45; MSA 7.558(45).][1]

The purpose of this formula is to determine that proportion of a taxpayer's business activity which is attributable to its Michigan-based operations. In the instant case, the property factor was .0930 percent, the payroll factor was .2328 percent, and the sales factor was 26.5892 percent. The average of those factors was 8.9717 percent.[2] This was the percentage which was applied to Trinova's adjusted tax base in order to arrive at its Michigan tax base.

In 1986, Trinova filed suit against the Department of Treasury in the Court of Claims, seeking to recover $293,528 in single business tax overpaid for the year 1980. It contended that the apportionment formula provisions of the SBTA did not fairly reflect Trivona's business activity in Michigan because, as applied, the formula resulted in an apportioned tax base in which taxed value was not rationally related to business conducted in Michigan. In support, Trinova asserted that its apportioned compensation under the formula was thirty-eight times greater than its actual compensation expenses attributable to Michigan and its appor-

---

[1] The apportionment formula is calculated by averaging the percentages of Trinova's property, payroll and sales attributable to its Michigan operation. Algebraically, that formula is:

$$\frac{\text{MIGHIGAN PROPERTY}}{\text{TOTAL PROPERTY}} + \frac{\text{MIGHIGAN PAYROLL}}{\text{TOTAL PAYROLL}} + \frac{\text{MIGHIGAN SALES}}{\text{TOTAL SALES}}$$
$$\overline{\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}}$$
$$3$$

[2] We must emphasize that the average factor of 8.9717 percent is just that, an average. The effect of the higher sales percentage is offset by the smaller property and payroll factors, and vice versa. For a more in-depth explanation of the formula's rationale, see *Wismer & Becker Contracting Engineers, supra,* pp 698-702.

tioned depreciation (i.e., property) was 960 times greater than its actual Michigan depreciation expenses. Trinova sought relief pursuant to MCL 208.69; MSA 7.558(69) which, at the time the suit was filed, provided in relevant part:

> (1) If the apportionment provisions of this act do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may petition for or the commissioner may require, in respect to all or any part of the taxpayer's business activity, if reasonable:
>
> * * *
>
> (d) The employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's tax base.

The department answered and counterclaimed, asserting that Trinova was not entitled to § 69 relief and, in fact, owed additional taxes for 1980 on the basis of an alternate one-factor formula it proposed. Each side filed a motion for summary disposition.

On May 5, 1987, the Court of Claims issued its opinion and order granting Trinova's motion for summary disposition and directing the department to refund to Trinova any overpayment and interest to which it was entitled.[3]

In claiming its refund, Trinova used a two-step apportionment/allocation method based on a method approved in *Jones & Laughlin Steel Corp v Dep't of Treasury,* 145 Mich App 405; 377 NW2d 397 (1985), lv den 424 Mich 895 (1986). In *Jones & Laughlin,* this Court approved a two-step method for the two taxpayers involved in that appeal by which each was permitted to apply the statutory

---

[3] The court also denied the department's motion for summary disposition and dismissed its counterclaim. The department has not cross-appealed those decisions.

three-factor apportionment formula to its adjusted tax base exclusive of the compensation adjustment of MCL 208.9(5); MSA 7.558(9)(5) and then use the actual amount of compensation attributable to Michigan. The Court found this alternate method to be appropriate because "petitioners presented clear and convincing evidence 'that the statutory formula inadequately or inaccurately represent(ed) (their) unitary business in [Michigan].'" 145 Mich App 413 (quoting *Donovan Construction Co v Dep't of Treasury,* 126 Mich App 11, 21, n 2; 337 NW2d 297 [1983], lv den 419 Mich 894 [1984]). Thus, pursuant to that holding, and contrary to the dictates of § 9 of the SBTA, Trinova excluded compensation and depreciation from its preapportionment formula to this "adjusted tax base" and added Trinova's actual Michigan compensation and depreciation expenses to the apportionment product.

In this case, the Court of Claims stated that it adopted the reasoning of *Jones & Laughlin* and held "as a matter of law based on the pleadings that the [SBTA's] apportionment formula failed to accurately represent [Trinova's] Michigan business activity." The Court of Claims here apparently applied the *Jones & Laughlin* rationale as a per se rule of law for, in interpreting the Court of Appeals decision, it stated:

> The Court of Appeals went on to hold that where even just one element of business activity is shown, by clear and convincing evidence, to be inaccurately represented by application of the apportionment formula, § 69 relief is available.

We take this opportunity to reject the logic of the *Jones & Laughlin* holding. Since the final apportionment percentage is the *average* of the

component percentages (i.e., property, payroll and sales), it will always be larger than at least one of the component percentages unless, of course, they are all equal. Under *Jones & Laughlin,* a foreign taxpayer could defeat the tax simply by taking one factor, the percentage of which is smaller than the average, and applying the average to the total dollar value of that factor. This overvaluation is, as previously mentioned (see footnote 2), offset by the underevaluation of the factor or factors in the apportionment formula for which the actual amount of Michigan activity is larger than the amount calculated using the statutory average. The net effect of the apportionment formula is to ascertain that portion of the foreign taxpayer's adjusted tax base attributable to its business activity in this state. The right to § 69 relief was available only where application of the apportionment formula resulted in an unfair representation of the taxpayer's Michigan-based business activity taken as a whole.

The fallacy of Trinova's instant claim is that it focused only on those factors which distorted the average percentage in a manner supporting its claim of overevaluation and failed to recognize the offsetting factors inherent in the apportionment formula. Likewise, this was the error in *Jones & Laughlin.*

A little more than a month after the Court of Claims ruled in Trinova's favor, the Legislature, on June 8, 1987, passed 1987 PA 39 which amended § 69 of the SBTA and, by its terms, was ordered to take immediate effect. The amended version of § 69 uses two tests to determine whether the apportionment formula fairly represents a taxpayer's business activity in Michigan.

The apportionment provisions of this act shall

fairly represent the business activity attributed to the taxpayer in this state, taken as a whole and without a separate examination of the specific elements of the tax base such as depreciation, compensation, or income, unless it can be demonstrated that the business activity attributed to the taxpayer in this state is out of all appropriate proportion to the actual business transacted in this state and leads to a grossly distorted result. A taxpayer's business activity shall be presumed to be fairly represented if the adjusted tax base computed without regard to the reduction based upon gross receipts permitted by section 31(2) is not greater than the adjusted tax base computed after application of the reduction based upon gross receipts permitted by section 31(2) or if the adjusted tax base is not greater than the adjusted tax base which would result from an apportioned tax base computed by using the apportionment formula prescribed for a corporate income tax or franchise tax in the taxpayer's business domicile. The taxpayer's business domicile is the state in which the sum of the taxpayer's payroll factor and property factor is greatest. However, if the taxpayer fails to satisfy either of these tests, the taxpayer's business activity shall not be presumed to not be fairly represented. [MCL 208.69(3); MSA 7.558(69)(3).][4]

The department argues that § 69, as amended, is retroactive and that, given the requirements of the amendment, Trinova does not qualify for § 69 relief. Trinova, on the other hand, contends that § 69, as amended, should not be retroactively applied and that retroactive application would be unconstitutional. It also argues that, even under § 69 as amended, Trinova's entitlement to § 69 relief is not altered.

---

[4] Two additional subsections were added to § 69 by 1987 PA 39. Subsection (4) provides that "the filing of a return or an amended return shall not be considered a petition for purposes of subsection (1)." Subsection (5) provides that "as used in this section, 'adjusted tax base' means that term as defined in section 31."

The Legislature enacted the amendment shortly after the Supreme Court denied leave to appeal in *Jones & Laughlin, supra,* and after it became apparent that the Court of Claims was applying its interpretation of the *Jones & Laughlin* rationale as a per se rule to other cases involving foreign corporation taxpayers. In amending § 69, the Legislature specifically declared its intention:

> This amendatory act is curative, expressing the original intent of the legislature that the single business tax imposed under the single business tax act, Act No. 228 of the Public Acts of 1975, being sections 208.1 to 208.145 of the Michigan Compiled Laws, is an indivisible value added type of tax and not a combination or series of several smaller taxes and that relief from formulary apportionment should be granted only under extraordinary circumstances. This amendatory act clarifies the existing procedures and standards for granting relief under section 69 of the single business tax act, Act No. 228 of the Public Acts of 1975, being section 208.69 of the Michigan Compiled Laws. [1987 PA 39, § 2.]

Clearly, the Legislature intended that 1987 PA 39 have retroactive effect. In *ACCO Industries, Inc v Dep't of Treasury,* 134 Mich App 316, 321-322; 350 NW2d 874 (1984), lv den 421 Mich 857 (1985), this Court declared that "a later statement of legislative intent by the Legislature is binding on this Court." Although the Legislature cannot, through amendment, change the settled meaning of a statute, it can amend a statute to make plain what the legislative intent had been all along from the time of the statute's enactment, if varying interpretations of the statute have created uncertainty. In those circumstances, the amendment has a retroactive effect. *Id.* at 322. This principle of statutory construction, set forth in *Detroit Edison*

*Co v Janosz,* 350 Mich 606, 613-614; 87 NW2d 126 (1957), and reiterated in *Production Credit Ass'n of Lansing v Dep't of Treasury,* 404 Mich 301, 318-319; 273 NW2d 10 (1978), applies where no settled interpretation of the statute has been established and where the amendment was adopted soon after the controversy as to its interpretation arose— such as here. That timing indicates the amendment was a legislative interpretation of the original act rather than a substantial change of it. *Harper v Progressive Casualty Ins Co,* 79 Mich App 764, 768; 263 NW2d 1 (1977); 1A Sutherland, Statutory Construction (4th ed), § 22.31, p 186.

Furthermore, as the Legislature stated, and as we agree, the SBTA is remedial and procedural. The general rule that a statute is presumed to operate prospectively does not apply to statutes remedial or procedural in nature. *Selk v Detroit Plastic Products,* 419 Mich 1, 10; 345 NW2d 184 (1984), opinion on resubmission 419 Mich 32; 348 NW2d 652 (1984). Statutes in furtherance of an already existing remedy, which do not create new rights or destroy existing ones, operate retrospectively unless a contrary legislative intent is manifested. *Id.* at 10; *Spencer v Clark Twp,* 142 Mich App 63, 67; 368 NW2d 897 (1985).

The combination of these principles of statutory construction lead us to conclude that § 69 of the SBTA as amended by 1987 PA 39 has retroactive effect and is applicable to Trinova.

Because the Legislature has implicity rejected the holding in *Jones & Laughlin,* and we do likewise explicitly, the Court of Claims decision was based upon incorrect principles of law. Thus, the case must be remanded for reconsideration under the proper principles. That is, as a pending matter, the case must be decided according to the amended § 69(3), which is a directive from our Legislature

as to how the relief provisions of the SBTA are to be interpreted. The instant record does not permit us to judge what effect the two "fairness" tests contained in § 69(3) have on the position of the parties or the result in this case. Accordingly, the order of the Court of Claims granting Trinova summary disposition is reversed and the case remanded for development of additional facts and a new decision in light of amended § 69(3).

Reversed and remanded. We do not retain jurisdiction.