PEOPLE *v*. SCHULTZ.

1. INDICTMENT AND INFORMATION—STATUTORY RAPE—DATE CHARGED UNDER VIDELICET—VARIANCE—TIME NOT OF ESSENCE OF OFFENSE. Where the information, in a prosecution for assault with intent to commit statutory rape, charged its commission on a certain date under a *videlicet*, testimony that it was committed on another date was admissible, under 3 Comp.

---

[1]Indictments and Informations, 31 C. J. § 454; Rape, 33 Cyc. p. 1453; 14 R. C. L. 178; 22 R. C. L. 1195.

Laws 1915, § 15746; time not being of the essence of the offense.

2. CRIMINAL LAW—ASSAULT WITH INTENT TO RAPE—TRIAL—INSTRUCTIONS—EVIDENCE—SUFFICIENCY.

An instruction that the evidence was insufficient to show that defendant intended to commit an assault with intent to commit rape was properly refused where there was abundant evidence to carry said question to the jury.

3. WITNESSES — WHEN CONTRADICTORY TESTIMONY MAY BE USED FOR IMPEACHMENT.

Contradictory testimony of a witness taken at an examination or upon another trial may be used for impeachment purposes, provided the attention of the witness is challenged to it and the witness given the opportunity of explanation.

4. SAME—IMPEACHMENT—TRIAL—INSTRUCTIONS.

Where the attention of the prosecuting witness was not called to any contradictory testimony given by her at examination, the trial court properly refused a requested instruction that such testimony might be used to impeach her if the jury found that she had made contradictory statements upon the trial.

5. CRIMINAL LAW — EVIDENCE—HEARSAY—HARMLESS ERROR—MISCARRIAGE OF JUSTICE.

Error of the prosecuting attorney, in a prosecution for assault with intent to commit statutory rape, in questioning defendant as to what his wife had said about him and the complaining witness, and asking him if, in his judgment, there wasn't something to it, was harmless, in view of the fact that he answered "no," and, therefore, under 3 Comp. Laws 1915, § 14565, it is not cause for reversal.

6. SAME—ASKING UNANSWERED QUESTION NOT ERROR.

Where, in a prosecution for assault with intent to commit statutory rape, the guardian of the complaining witness was asked if he knew any reason why she should tell this about defendant unless it was so, and the question was not answered, there was no error.

Exceptions before judgment from Mecosta; Barton

---

[2]Criminal Law, 16 C. J. §§ 2333, 2507; [3]Witnesses, 40 Cyc. p. 2709; [4]Criminal Law, 16 C. J. § 2507; Witnesses, 40 Cyc. p. 2719; [5]Criminal Law, 17 C. J. § 3677; Rape, 33 Cyc. p. 1517; [6]Criminal Law, 17 C. J. § 3654; Rape, 33 Cyc. p. 1517.

(Joseph), J.    Submitted January 13, 1927.    (Docket No. 149.)    Decided April 1, 1927.

George Schultz was convicted of an assault with attempt to commit statutory rape.    Affirmed.

*W. D. Fast,* for appellant.

*W. W. Potter,* Attorney General, and *Fred R. Everett,* Prosecuting Attorney, for the people.

SNOW, J.    Defendant was convicted of assault with intent to rape a 14-year old girl named Mary Boatright, who had formerly been at the Coldwater school, and then lived with a family named Johnson.    She was not bright, could not read, and was only in the third grade in school.    It was while going through the woods on her way home from school that she claims the crime was committed.    Such additional facts as are necessary for the consideration of the assignments of error discussed will be stated as we proceed.

1. The information charges the date of the commission of the offense under *videlicet* on April 15, 1925.    The testimony of the girl was to the effect that it was in the fall of 1924.    Defendant claims the court should therefore have directed a verdict of not guilty.    The claim is without merit.    In a like case, *People* v. *Swift,* 172 Mich. 473, 488, it is said:

"Time was not of the essence of this offense.    It could be stated in the information as one time, and the proof might show another; evidence could be given of such an act within the jurisdiction of the court and the statute of limitations, and the act indicated by the evidence could thenceforth be deemed the act charged."

By statute an indictment for any offense is not insufficient "for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense."    3 Comp. Laws 1915,

238—Mich.—2.

§ 15746.    See, also, recent case of *People* v. *Whitte-more*, 230 Mich. 435, and authorities therein cited; also 22 R. C. L. p. 1195.

2. Complaint is made of the refusal of the court to instruct the jury, as requested, that "the evidence is insufficient to show that the defendant intended to commit an assault with intent to commit the crime of rape." No such instruction could properly have been given. The record teems with evidence sufficient to carry this to the jury as a question of fact. It would be of no benefit or profit to recite such evidence here.

3. This request to charge was preferred by defendant upon the trial:

"You are instructed that the testimony taken on the examination before Justice Bennett in September of this year may be used to impeach the complaining witness if you find she made contradictory statements upon this trial."

Failure to give is alleged as reversible error. Contradictory testimony of a witness taken at an examination or upon another trial may be used for impeachment purposes, provided the attention of the witness is challenged to it and the witness given the opportunity of explanation. But an examination of this record fails to disclose that the attention of the girl, Mary, was directed to anything she testified to before the magistrate that would impeach her testimony upon the trial. She was asked if she did not testify at the examination that she was *coming* home from school through the woods when defendant assaulted her. But she admitted she so testified and insisted that she was in fact *coming* home *from* school instead of *going to* school. She also admitted that her testimony in justice's court varied from that upon the trial as to whom she told of the transaction, and when asked as to what she had testified to at the examination relative to what defendant did to her when he laid

her down, she did not deny answering as it is claimed she answered there, but said she did not remember. There was nothing then which was called to her attention while a witness upon the trial that her testimony at the examination could have impeached, and unless she is asked directly with reference to her former testimony, and given the opportunity to admit, deny, or explain it, it is not available for impeachment purposes.

4. Upon the examination of defendant he testified that he had heard of his wife going over to Johnson's (the girl's guardian) and telling what she had learned about the girl and himself.    He was then asked by the prosecutor if there wasn't then, in his judgment, something to it, and he answered "I will say no." Error is assigned for refusing to strike this out on motion of defendant's counsel.    The testimony was not competent and should have been stricken out.    But no other testimony which was objected to was offered in regard to statements made by the wife of defendant, and it does not appear it was further referred to.    In view of the answer, we think the error was a harmless one and in no way affected the result.    3 Comp. Laws 1915, § 14565.

5. Error is alleged on the following examination of Mr. Johnson, her guardian:

"*Q.* Do you know any reason why Mary should tell this about Mr. Schultz unless it was so?

"*Mr. Fast:* Just a moment, I don't think that is competent.

"*The Court:* Yes, I think it is.    First, is there any ill feeling in your mind—

"*Q.* Against Mr. Schultz, is there any reason why you want to say anything against him?

"*A.* Anything in my mind against Mr. Schultz?

"*Q.* Yes.

"*A.* No, not that I know of, not that I ever knew of."

There was no error.    The question objected to was not answered.

No other questions of merit are present.

The conviction is affirmed and the court directed to proceed to judgment.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.