PEOPLE *v.* COWLES.

1. CRIMINAL LAW—RAPE—TRIAL—REMARK BY PROSECUTOR AFTER REJECTION OF EVIDENCE.

In a prosecution for statutory rape, after testimony for the purpose of showing prior acts of sexual intercourse with another girl had been twice excluded, a remark by the prosecuting attorney, ''Then we would not be able to show any prior act by this party with another girl?'' was reversible error.

2. WITNESSES—EVIDENCE—TESTIMONY AS TO SEXUAL PERVERSION OF PROSECUTRIX ADMISSIBLE.

In a prosecution for statutory rape, evidence offered to prove acts of the girl showing sexual perversion and lascivious conduct should have been received, not in extenuation of rape, but for its bearing upon the question of the weight to be accorded to her testimony and on the question as to whether her mind was so warped by sexual contemplation and desires as to lead her to accept the imagined as real or to fabricate a claimed sexual experience.

3. CRIMINAL LAW—TRIAL—REMARKS BY COURT.

In instructions to the jury the court should not have referred to the medical experts as ''so-called'' expert witnesses.

4. SAME—INVECTIVE, RIDICULE, ETC., IN ARGUMENT BY PROSECUTOR, NOT PERMISSIBLE.

The prosecuting attorney has a right to analyze the testimony of medical experts, urge the jury, upon reason existing in the case, to reject it, and point out, if possible, its inapplicability, but invective, ridicule, injection of his belief, and innuendoes is not permissible argument and is prejudicial.

5. SAME—MEDICAL EXPERTS SHOULD NOT HAVE BEEN EXCLUDED FROM COURTROOM.

Medical experts, who were called to give opinion evidence only in regard to the girl's sexual perversion, in a prosecution for statutory rape, should not have been excluded from the courtroom except when giving testimony, since it would have been helpful to them to have been permitted to observe the demeanor and mental manifestations of the girl in the courtroom.

6. Same—Argument by Prosecutor—Fees of Medical Experts.
    Argument by the prosecutor that while the court fixes the fee to
    be paid expert witnesses, "there is no penalty if you pay
    more," was improper, in view of 3 Comp. Laws 1915, § 12557,
    constituting it a contempt of court for any expert witness to
    receive or for any person to pay such witness a larger fee than
    authorized by the court.

7. Indictment and Information—Statutory Rape—Definite Time.
    In a prosecution for statutory rape, where the occasion of the
    act charged was fixed, but the time alleged in the information
    was not fixed by the testimony, except as within a limited
    period, the court was not in error in refusing to direct the
    prosecutor to fix a definite time.

Error to Allegan; Cross (Orien S.), J. Submitted January 17, 1929. (Docket No. 147, Calendar No. 33,760.) Decided March 29, 1929.

Lawrence Cowles was convicted of statutory rape. Reversed, and new trial granted.

*Clare E. Hoffman* and *Leo W. Hoffman,* for defendant.

*Wilber M. Brucker,* Attorney General, and *Harry Pell,* Prosecuting Attorney, for the people.

Wiest, J. Defendant was convicted of the crime of statutory rape and reviews by writ of error.

At the trial the prosecutor called a witness to show prior acts of sexual intercourse with another girl. The purpose was disclosed by questions put, objections made, rulings excluding answers and the following remark by the prosecuting attorney:

"Then we would not be able to show any prior act by this party with another girl?"

This was prejudicial and reversible error. *People* v. *Hunter,* 218 Mich. 525; *People* v. *Gengels,* 218 Mich. 632. See, also, *People* v. *Dorrington,* 221 Mich.

571; *People* v. *Ruggero,* 223 Mich. 368; *People* v. *Keller,* 227 Mich. 520.

The established rule, so frequently found necessary of application by this court, should have been observed by the prosecuting attorney. Two rulings against his purpose preceded his remark. What we said in *People* v. *Cords,* 232 Mich. 620, upon this subject applies to this case.

At the trial defendant called two medical practitioners who had observed the girl, and in answer to hypothetical questions, they expressed opinions that she was a pathological falsifier, a nymphomaniac, and a sexual pervert. Evidence offered to prove acts of the girl showing sexual perversion and lascivious conduct, inclusive of exposure of her person to school boys, was excluded. We think the testimony should have been received, not in extenuation of rape, but for its bearing upon the question of the weight to be accorded the testimony of the girl and the question of whether the mind of the girl was so warped by sexual contemplation and desires as to lead her to accept the imagined as real or to fabricate a claimed sexual experience. The testimony of the medical experts was admitted, without objection, and was for the jury to consider. In the charge to the jury the court said:

"Certain testimony has been offered by so-called expert witnesses, based upon the assumed facts," etc.

It is urged that characterizing witnesses as *so-called experts* was prejudicial. The prefix should not have been employed.

In argument to the jury the prosecuting attorney committed prejudicial error. In part he said:

"I don't believe there was ever a more disreputable thing seen—I don't think there was anything

more disreputable pulled off in a court of justice, than was pulled off by these two doctors.

"*Mr. Hoffman:* I object to it, if the court please, and take an exception.

"*The Court:* The prosecutor has a right to argue the testimony. It is a matter of argument.     *     *     *

"Now, I would say, gentlemen, if these two doctors were to put on a stunt like that in a vaudeville show, they would go over big. They would get a big laugh. Dr. Robinson, sitting in the chair there, reminds me of an advertisement you have probably all seen. Mr. Hoffman is his attorney, and he has testified for Mr. Hoffman several times, quite often. You have seen the advertisement of the Victor phonograph, a little dog with his head cocked on one side, listening to one of those old-fashioned, large-horn phonographs; under, it says, 'His Master's Voice.'     *     *     *

"Now, gentlemen of the jury, we all pay taxes for universities, and they turn out things like that. I ask you, gentlemen, what chance a girl has to defend herself against such testimony? And I tell you that those two doctors are worse than the Indian medicine men or negro voodoos. How any professional man can so prostitute his profession and come in here and swear to such statements as that in a court of justice is beyond me."

The term nymphomaniac is a standard one in medical parlance. If this girl was such, the weight to be given her testimony might or might not have been materially affected thereby, depending, of course, upon the view taken by the jury. The opinion evidence that she was such was entitled to consideration. The prosecuting attorney had a right to analyze the testimony, urge the jury, upon reason existing in the case, to reject it and point out, if possible, its inapplicability. But invective, ridicule, injection of his belief, and innuendoes was not permissible argument, and was unfair to the experts

and prejudicial to defendant.  See *People* v. *Williams*, 218 Mich. 697.

Witnesses, including defendant's experts, were excluded from the courtroom, except when giving testimony.  The experts were in attendance to give opinion evidence only, knew nothing about the facts at issue, and it would have been helpful to them to have been permitted to observe the demeanor and mental manifestations of the girl in the courtroom, and they should have been permitted to remain.

It was improper for the prosecuting attorney to state that, while the court fixes the amount to be paid the expert witnesses, "that don't prevent you from paying whatever you want to.  *  *  *  There is no penalty, if you pay more than the court allows."  Such is not the law.  3 Comp. Laws 1915, § 12557, constitutes it a contempt of court for any expert witness to receive or for any person to pay, directly or indirectly, to such a witness, in excess of ordinary witness fees, a larger sum than authorized by the court.  The inference to be drawn by the jury from this statement by the law officer of the county was transparent and cannot be countenanced.

The occasion of the act charged was fixed, but the time alleged in the information was not fixed by the testimony, except as within a limited period.  The court was not in error in refusing to direct the prosecutor to fix a definite time.  *People* v. *Whittemore*, 230 Mich. 435; *People* v. *Schultz*, 238 Mich. 15.

The remaining errors have been considered, but do not present reversible error.

The conviction is reversed, and a new trial granted.

Fead, Fellows, Clark, McDonald, and Sharpe, JJ., concurred.  North, C. J., and Potter, J., did not sit.