## UNITED STATES v. HISS.

United States District Court
S. D. New York.

Jan. 4, 1950.

See also, 9 F.R.D. 515.

Irving H. Saypol, U. S. Atty., New York City, Thomas F. Murphy, Clarke S. Ryan, Asst. U. S. Attys., New York City, and Thomas J. Donegan, Special Assistant to the U. S. Atty., New York City, for Government.

Debevoise, Plimpton & McLean, New York City, Claude B. Cross, Boston, Mass., (Edward C. McLean, New York City, Harold Rosenwald, Washington, D. C., Robert Von Mehren, New York City, of counsel), for defendant.

GODDARD, District Judge.

Memorandum in respect to the admission of psychiatric testimony to impeach the credibility of the Government witness, Whittaker Chambers.

It is apparent that the outcome of this trial is dependent to a great extent upon the testimony of one man—Whittaker Chambers. Mr. Chambers' credibility is one of the major issues upon which the jury must pass. The opinion of the jury—formed upon their evaluation of all the evidence laid before them—is the decisive authority on this question as on all questions of fact.

The existence of insanity or mental derangement is admissible for the purpose of discrediting a witness. Evidence of insanity is not merely for the judge on the preliminary question of competency, but goes to the jury to affect credibility. District of Columbia v. Armes, 107 U.S. 519, 2 S.Ct. 840, 27 L.Ed. 618; Coffin v. Reichard, 6 Cir., 148 F.2d 278, certiorari denied 325 U.S. 887, 65 S.Ct. 1568, 89 L.Ed. 2001; United States v. Pugliese, 2 Cir., 153 F.2d 497.

Since the use of psychiatric testimony to impeach the credibility of a witness is a comparatively modern innovation, there appears to be no federal cases dealing with this precise question. However, the importance of insanity on the question of credibility of witnesses is often stressed. There are some State cases in which such testimony has been held to be admissible or which indicate that if this question had been presented, it would have been admissible. People v. Cowles, 1929, 246 Mich. 429, 224 N.W. 387; see also State v. Wesler, 1948, 1 N.J. 58, 61 A.2d 746; Ellarson v. Ellarson, 1921, 198 App.Div. 103, 107, 190 N.Y.S. 6; Jeffers v. State, 145 Ga. 74, 88 S.E. 571; Bouldin v. State, 1920, 87 Tex. Cr.R. 419, 222 S.W. 555; 15 A.L.R. 932.

560

Expert testimony of this character was excluded in State v. Driver, 1921, 88 W.Va. 479, 107 S.E. 189, 15 A.L.R. 917. The Court's reasoning seemed to be based upon the theory that the witness was to be regarded as a character witness who could only testify as to reputation and not as to his personal opinion. The Court indicated that it would not allow him to be qualified as an expert. This was in 1921—before the value of psychiatry had been recognized.

Leading authorities on evidence also advocate the admission of testimony of this character.

See III Wigmore on Evidence [3rd Ed. 1940] 924a, 931, 932, 935, 997b, 998b. American Law Institute, Model Code of Evidence, Rules 106, 401 and 409.

I have given full consideration to the Government's argument against the admission of this testimony. However, evidence concerning the credibility of the witness is undoubtedly relevant and material and under the circumstances in this case, and in view of the foundation which has been laid, I think it should be received.

In my charge to the jury I shall advise them of the weight which may be given to such testimony.