LaVan **WILSON**, Jr., Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–77–89.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1977.

George R. Robinson, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, LaVan Wilson, Jr., hereinafter referred to as defendant, was charged in the District Court, Comanche County, Case No. CRF-75-927, with Delivery and Distribution of Marihuana, in violation of 63 O.S. 1971, § 2-401, After Former Conviction of a Felony. Defendant was tried by a jury in a two stage proceeding and convicted of Delivery and Distribution of Marihuana, but not After Former Conviction of a Felony. Punishment was assessed at a term of ten (10) years in the penitentiary and a fine in

the amount of One Hundred ($100.00) Dollars. From said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the facts revealed the following. Richard Hunt, a member of the Comanche County Sheriff's Department Reserve, along with informer Bill Lacy and undercover officer Richard Briley conducted a drug investigation concerning the defendant. Supervising officer Bill Banks gave Hunt eight $20.00 bills which were to be used in purchasing marihuana from the defendant. Hunt, Lacy, and Briley went to the defendant's residence where Hunt inquired of the defendant about buying some marihuana. Defendant quoted him a price of $20.00 per lid. After receiving the money from Hunt, the defendant told them to follow him to another location. Conflicting testimony revealed that upon arriving at their destination, the defendant proceeded into the apartment of one Herbert Wilson without first knocking. Also contradictory was testimony stating that both the defendant and Wilson went into the bedroom from which Wilson returned carrying eighteen small plastic bags, each containing a green leafy substance. The money was counted out on the table and Hunt placed the bags in a grocery sack and left. The sack was given to Briley who identified and marked the bags with his initials and the date and locked them in a cabinet in his office. The next day on October 23, 1975, Briley went over the evidence and placed the bags in a standard O.S.B.I. envelope. He signed, sealed, stapled and dated the envelope. Further testimony indicated that the janitor used trustees to clean the offices, and that some trustees had been caught taking liquor and other items out of the Sheriff's Office.

On January 6, 1976, after receiving a subpoena for trial, Briley turned the envelope over to the O.S.B.I. Laboratory. Briley stated that the envelope appeared to be in the same condition in which he had left it. O.S.B.I. forensic chemist, Albert Gray identified the contents of the bags as cannabis sativa and after the preliminary

hearing, he resealed the envelope with evidence tape.

In the subsequent search of the defendant's residence, Officer Banks found nine $20.00 bills, five of which matched the recorded serial numbers of the bills he had given to Hunt. Banks made photostatic copies of the bills which the court admitted into evidence as to the serial numbers only. Defendant stated that the money was in payment of a loan and not from the sale of marihuana.

The jury returned a verdict of guilty of Delivery and Distribution of Marihuana but in the second stage of the trial, the defendant was found not guilty of a prior felony conviction.

■ Defendant's first assignment of error is that the trial court erred in admitting the marihuana into evidence, which defendant contends was not properly preserved to secure its identity. Defendant complains that because the evidence was left in a file cabinet in a locked office for a period of 75 days, because there were three additional keys to the office, including one given to a janitor who used trustees to help clean the offices, and because Briley was not always in the office there was a lack of reasonable certainty that there had been no alteration or tampering with the evidence. In *Hauschildt v. State*, Okl.Cr., 554 P.2d 77, 80 (1976), we stated:

" . . . Once it is shown to the court that the evidence was preserved under the circumstances reasonably certain to maintain its integrity, it is proper for the trial judge to admit the evidence and let what doubt there may be go to its weight. . . . " (Citations omitted)

See, *McKee v. State*, Okl.Cr., 532 P.2d 472 (1975); *Racy v. State*, Okl.Cr., 520 P.2d 375 (1974); and, *Trantham v. State*, Okl.Cr., 508 P.2d 1104 (1973).

On carefully reviewing the record we find that there were circumstances which reasonably preserved the identity of the marihuana. Briley testified that after receiving the bags containing a leafy substance from Hunt he dated and initialed each of the plastic bags. The next day he inserted the bags into a standard OSBI Laboratory envelope and after signing, sealing and stapling it he placed the envelope back in the cabinet which was kept locked in his office. Seventy-five days later, Briley stated, the envelope appeared to be in the same condition as he had left it. There were no tears or other signs of tampering with the envelope, and the seals and staples were intact. Briley then took the envelope to the OSBI Laboratory for examination and identification. He explained the time lapse by stating that he had forgotten to take the envelope to the lab and did not remember until receiving a subpoena to come to trial. Although 75 days is a lengthy period of time, and during such time trustees had access to the office where the envelope was kept, we believe that it is highly unlikely and mere speculation that the envelope containing the marihuana was tampered with. We have held that the State is not under a burden of absolutely negating all possibility of substitution and/or tampering with evidence while the same is under the control and custody of law enforcement agencies. *Clark v. State*, Okl.Cr., 558 P.2d 674 (1977); *Contu v. State*, Okl.Cr., 533 P.2d 1000 (1975). The first assignment of error is without merit.

In his second assignment of error defendant asserts that the trial court erred in allowing into evidence Xeroxed copies of nine $20.00 bills found at defendant's residence. Defendant argues that the State did not lay a sufficient foundation for the evidence in that such evidence was not the best available.

■ Generally, the best evidence rule has been limited to situations where the evidence is offered to prove the contents of written documents. *United States v. Duffy*, 454 F.2d 809 (5th Cir. 1972); *Chandler v. State*, 318 F.2d 356 (10th Cir. 1963); *Hayes v. State*, Okl.Cr., 397 P.2d 524 (1964). Here, the Xeroxed copies were significant only from the standpoint of identification. They were not offered to prove the terms therein. Only the serial numbers were admitted into evidence. The serial numbers of the

$20.00 bills given to Hunt for the purchase of marihuana were recorded in order to make certain the bills could be identified at a later time. Five of the bills found at defendant's residence matched the ones which had been given to Hunt. Although no reason was given as to why the bills themselves were not offered into evidence, we believe that this was not essential. Officer Banks had already testified as to the identity of some of the bills found at defendant's residence by comparing the serial numbers of the bills.

Furthermore, the State contends, and we agree, that the bills were merely physical objects used in the commission of a crime which were capable of proof by testimony without even offering the bills into evidence. See, *Henson v. State,* 97 Okl.Cr. 240, 261 P.2d 916, 923 (1953). We therefore hold that the best evidence rule is not applicable under these circumstances, and that defendant's second assignment of error is without merit.

▆ For his third assignment defendant contends that the evidence was not sufficient to support the verdict of guilty. Defendant claims that there was no showing of a joint venture, of agreements, or that he was otherwise acting conjointly with Herbert Wilson, and that the evidence at most relates only a casual acquaintance between the two.

The only authority cited by defendant in support of this proposition is *Jones v. State,* Okl.Cr., 481 P.2d 169 (1971), wherein we held that there must be some proof of a conspiracy or prearranged plan between the person committing the crime and the one aiding him before a conviction can be rendered. After examining the facts in both *Jones v. State,* supra, and the instant case we believe the cases can be clearly distinguished. In *Jones* the defendant was not present at the sale, and there was no evidence that defendant received any benefit from the sale. In the case at bar we believe there was sufficient evidence to submit to the jury the question of whether or not defendant conspired with or aided the one who actually committed the crime. The

defendant took undercover agents to Wilson's residence to purchase marihuana and was present when the sale was made; other testimony, though controverted, revealed that defendant went with Wilson into the bedroom to get the marihuana; and defendant admitted that some of the bills used to purchase the marihuana were later found in his residence. Furthermore, the State need not prove a prearranged plan or conspiracy which is separated from the time of the actual transaction of the marihuana sale. *Vanostrum v. State,* Okl.Cr., 539 P.2d 395 (1974). Thus, there were facts and circumstances from which the jury could find the defendant was guilty.

We have held that where the record contains competent evidence from which the jury could reasonably conclude that defendant was guilty, this Court will not interfere with the verdict, even though different inferences may be drawn therefrom. *Parrott v. State,* Okl.Cr., 522 P.2d 635 (1974).

▆ Defendant, in his fourth assignment of error, claims that the maximum sentence rendered by the jury constituted excessive punishment. Defendant. argues that although he was convicted of delivery of marihuana he was found not guilty of after former conviction of a felony, and the maximum sentence should be imposed only in aggravated cases or cases of repeaters. In support of this proposition, defendant merely asserts that there were no real aggravating factors in this case, but does not cite any authority for such a position. Under these circumstances this Court has repeatedly recognized that it is necessary for defendant's counsel not only to assert error, but to support his contentions by both argument and citation of authorities. Where there is no ·fundamental error, this Court will not search the books for support of defendant's mere assertion that the trial court erred. *Sandefur v. State,* Okl.Cr., 461 P.2d 954 (1969). Finding no fundamental error we find this assignment of error to be without merit.

The defendant withdrew his fifth assignment of error. The sixth assignment of error being repetitious, we accordingly find

no merit in it for the same reasons set forth under defendant's first and second assignments of error.

For all the above and foregoing reasons the judgment and sentence appealed from is, hereby, *AFFIRMED*; further, the trial court is directed to enter its order nunc pro tunc correcting the amended judgment and sentence to correspond with the jury's verdict finding the defendant guilty of Delivery and Distribution of Marihuana, but *not* guilty of after former conviction of a felony, as currently reflected in the last paragraph of the first page of the amended judgment and sentence, and transmit a copy of the judgment and sentence so corrected to the Department of Corrections, the warden of the State penitentiary, and the Pardon and Parole Board; and, the Clerk file the original in Comanche County District Court Case No. CRF–75–927.

BRETT, J., concurs.