PEOPLE v MANNING

PEOPLE v NORTHOUSE

Docket Nos. 83335, 83702. Submitted June 9, 1987, at Grand Rapids. Decided July 30, 1987.

Steven A. Manning and Franklin P. Northouse were each convicted of two counts of conspiracy to deliver cocaine and two counts of delivery of less than fifty grams of cocaine following a joint jury trial in Kent Circuit Court. In addition, defendant Manning was convicted of being a fourth offense felony offender and defendant Northouse was convicted of being a third offense felony offender. Defendants were each sentenced to seven to twenty years imprisonment, Woodrow A. Yared, J. Defendants filed separate appeals, which have been consolidated.

The Court of Appeals *held:*

1. Defendants' convictions do not constitute multiple punishments for the same offense. There were two separate deliveries of cocaine involved.

2. The trial court did not err in refusing to dismiss the supplemental information filed against defendant Manning. The fact that the timely filed original supplemental information contained two felony convictions for which Manning had not been convicted and an amended supplemental information accurately reflecting Manning's prior record was not filed until two months later does not entitle Manning to a dismissal of the supplemental information. The original supplemental information was filed within the fourteen-day requirement and provided Manning with the required notice that if he was convicted of the underlying felony he risked a conviction as a fourth offense felony offender.

Affirmed.

1. CRIMINAL LAW — MULTIPLE OFFENSES — MULTIPLE PUNISHMENTS.
    Two deliveries of cocaine involving the same purchaser and

REFERENCES

Am Jur 2d, Criminal Law §§ 551 *et seq.*; 652 *et seq.*

Application of speedy trial statute to dismissal or other termination of prior indictment or information and bringing of new indictment or information. 39 ALR4th 899.

sellers on the same day were two separate crimes where one delivery was in the afternoon and the other was in the evening, each delivery was separately bargained for, payment was made after each delivery, and there was no indication that the evening deal was set at the time of the afternoon delivery; under these circumstances conviction and sentencing of a defendant on the individual offenses does not constitute multiple punishments for the same offense.

2. CRIMINAL LAW — SUPPLEMENTAL INFORMATIONS — TIMELINESS — NOTICE.

Dismissal of an amended supplemental information is not required where the original supplemental information was filed within fourteen days of the defendant's arraignment on the underlying charge but included two felony convictions for which the defendant had not been convicted and the amended supplemental information was not filed for another two months; the original, timely filed supplemental information provided the defendant with the required notice that if he was convicted of the underlying felony he risked a conviction for being an habitual offender.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Carol Kay Bucher,* Assistant Prosecuting Attorney, for the people.

*George S. Buth* and *James R. Rinck,* for defendants on appeal.

Before: SULLIVAN, P.J., and McDONALD and J. M. GRAVES, JR.,* JJ.

PER CURIAM. Following a jury trial defendants were convicted of two counts of both conspiracy to deliver cocaine, MCL 750.157(a); MSA 28.354(1), and delivery of less than fifty grams of cocaine, MCL 333.7401, subds (1) and (2)(a)(iv); MSA 14.15(7401), subds (1) and (2)(a)(iv). Additionally, defendant Northouse was convicted of felony offender third offense, MCL 769.11; MSA 28.1083,

* Circuit judge, sitting on the Court of Appeals by assignment.

and defendant Manning of felony offender fourth offense, MCL 769.12; MSA 28.1084. Defendants were each sentenced to seven to twenty years imprisonment. Both defendants appeal as of right.

The conspiracy to deliver and delivery charges arose out of two incidents occurring on May 9, 1984. On that date at approximately 1:30 P.M., defendants contacted and delivered one quarter of an ounce of cocaine to undercover police officer Robert Goethal. Officer Goethal gave Manning $600 for the delivery. Goethal also gave defendants a small portion of the cocaine for "doing the deal." At the time of this delivery Goethal inquired about obtaining another one quarter of an ounce. Manning phoned Goethal later that evening at approximately 6:00 P.M. and asked if he was ready for the other "quarter." Defendants arrived a short time later and delivered another one quarter of an ounce of cocaine. Goethal again paid $600 and gave defendants a small portion of the cocaine for setting up the deal. Although the record is unclear, it appears that prior to the afternoon delivery Goethal had originally requested one half of an ounce of cocaine.

On appeal defendants contend that their convictions arising out of the evening delivery violate the principles of double jeopardy because the evening delivery was a continuing transaction and thus the same transaction as the afternoon delivery. *People v Robideau,* 419 Mich 458; 355 NW2d 592 (1984). We disagree.

Defendants' convictions do not constitute multiple punishments for the same offense. The afternoon and evening deliveries constituted two separate crimes. There were two separate bargained-for deliveries. Defendants were paid $600 after each delivery in addition to a small amount of cocaine for setting up each deal. Moreover, there is

no indication that the evening deal was set at the time of the afternoon delivery. Goethal and defendants briefly discussed the possibility of obtaining another "quarter," but no time or place for the delivery was discussed.

Next, defendant Manning claims that the trial court erred in failing to dismiss the supplemental information filed against him. We disagree.

On August 23, 1984, ten days after Manning's preliminary exam, the prosecution filed a supplemental felony information charging Manning with being a fourth-time felony offender. On October 23, 1984, an amended supplemental information was filed. A hearing on defendant's motion to dismiss the information indicated that the original supplemental information contained two felony convictions for which Manning had not been convicted. These two convictions had been placed on Manning's "rap sheet" in error because of another individual's use of Manning's name as an alias. When this was brought to the prosecutor's attention, the amended supplemental information was filed to include an accurate reflection of Manning's prior record. The trial court denied defendant's motion.

Defendant contends that the filing of the amended supplemental information violated the rule set forth by our Supreme Court in *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982), that a supplemental information must be filed no more than fourteen days after a defendant is arraigned. The purpose of the *Shelton* fourteen-day rule is to provide a defendant with notice, at an early stage of the proceedings, of the potential consequences should the defendant be convicted of the underlying offense. *Id.,* 569; *People v Norwood,* 146 Mich App 259; 379 NW2d 446 (1985).

Although an amended supplemental information

was ultimately filed in the instant case, the original supplemental information, filed within the fourteen-day requirement, provided Manning with the required notice that if he was convicted of the underlying felony he risked a conviction for felony offender, fourth offense. Thus the expressed purpose of the underlying *Shelton* rule has been effectuated.

Affirmed.