PEOPLE v SANDLIN

Docket No. 112304. Submitted May 1, 1989, at Detroit. Decided June 12, 1989. Leave to appeal applied for.

John E. Sandlin pled guilty in Oakland Circuit Court to delivery of between 50 and 225 grams of a mixture containing cocaine and was sentenced to probation for life, Steven N. Andrews, J. Defendant violated a condition of his probation by failing to report to his probation officer. He pled guilty to violating his probation and was sentenced to ten to twenty years in prison. Defendant appealed.

The Court of Appeals *held:*

1. The trial court properly revoked defendant's probation because he violated a condition of that probation. When a probation order is revoked, the sentencing court may proceed to sentence the probationer in the same manner and to the same penalty as it might have done if the probation order had never been made. By describing defendant's repeated probation violations and referring to the sentencing requirements of the controlled substances statute, the court articulated sufficient reasons for imposing defendant's sentence.

2. The statute under which defendant was convicted has since been amended to reduce the minimum sentence from ten years to five years and permits the court to depart from the minimum term of imprisonment if it finds on the record substantial and compelling reasons to do so. Therefore, the case is remanded to the trial court for resentencing. The court may use its discretion in imposing a sentence under either the old or the new version of the statute.

Remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — PROBATION REVOCATION.

A sentencing court after revoking a probation order may sentence the probationer in the same manner and to the same penalty as it might have done if the probation order had never been made.

REFERENCES

Am Jur 2d, Criminal Law §§ 525, 533, 543, 578.
Propriety of increased sentence following revocation of probation. 23 ALR4th 883.

2. CRIMINAL LAW — SENTENCING — PROBATION REVOCATION.

   A sentencing court which revokes a probation order sufficiently
   articulates its reasons for imposing an alternative sentence by
   describing the probationer's repeated probation violations and
   referring to the sentencing requirements of the statute under
   which the probationer was convicted.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Janice A. Kabodian,* Assistant Prosecuting Attorney, for the people.

*John J. Cantarella,* for defendant on appeal.

Before: GILLIS, P.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

PER CURIAM. Defendant pled guilty to delivery of between 50 and 225 grams of a mixture containing cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and MCL 333.7214(a)(iv); MSA 14.15(7214)(a)(iv). He was sentenced to probation for life. Defendant violated a condition of his probation by failing to report to his probation officer. He pled guilty to violating his probation. The lower court sentenced him to 10 to 20 years in prison, with credit for 365 days served. Defendant appeals his sentence as of right claiming that the sentencing court did not adequately articulate its reasons for imposing the ten- to twenty-year sentence and that our conscience should be shocked by that sentence. We remand for resentencing.

The proper criteria for determining an appropriate sentence include the disciplining of the wrongdoer, the protection of society, the potential for reformation of the offender, and the deterrence of

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

others from committing like offenses. The sentencing court must state on the record which criteria were considered and what reasons support the court's decision regarding the length and nature of the punishment imposed. When reviewing a trial court's exercise of discretion in sentencing, we will afford relief to a defendant only if we find that the court abused its discretion to the extent that it shocks our conscience. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Defendant pled guilty to MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), which provided that a person who delivers 50 grams or more, but less than 225 grams, of any mixture containing a controlled substance such as cocaine is guilty of a felony and shall be either imprisoned for not less than ten years nor more than twenty years or placed on probation for life. Defendant was placed on probation for life. Defendant repeatedly violated a condition of his probation by failing to report to his probation officer. Defendant pled guilty to violating his probation. At the sentencing hearing, the following colloquy occurred:

> *The Court*: Mr. Sandlin, there comes a time when you are at the end of your rope. I placed you on life probation to start and I gave you a break. You chose to ignore it, so you came before me and I again gave you a second break and I said we'll continue the life probation even though he violated the terms of his probation. Then you came before me again. That was the last time I sent you to Rap House, isn't that correct?
>
> *The Defendant*: Yes, sir, I believe so.
>
> *The Court*: Well, this time it's over. You are probably the first person I have ever done this to and I will probably remember you for that because I don't like this law. I think the better idea is just let me put you in jail for a year and get it over with, but I can't.

The lower court then sentenced defendant to ten to twenty years in prison based on his underlying conviction for delivery of a controlled substance. We find that the lower court properly revoked defendant's probation because he violated a condition of that probation. When a probation order is revoked, the sentencing court may proceed to sentence the probationer in the same manner and to the same penalty as it might have done if the probation order had never been made. MCL 771.4; MSA 28.1134.

While the transgression which led to the revocation of defendant's probation could be considered relatively minor, his sentence was for his conviction of delivery of between 50 and 225 grams of a mixture containing cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), for which the mandatory alternative to probation for life was ten to twenty years imprisonment. See *People v Terrell*, 134 Mich App 19, 26; 349 NW2d 810 (1984). By describing defendant's repeated probation violations and referring to the sentencing requirements of the controlled substances statute, the lower court articulated sufficient reasons for imposing defendant's sentence. *People v Reeves*, 143 Mich App 105, 107; 371 NW2d 488 (1985).

The lower court did not abuse its discretion in imposing the prison sentence which was required under the statute. However, 1987 PA 275, § 1 amended MCL 333.7401; MSA 14.15(7401) effective March 30, 1988. The penalty for delivery of between 50 and 225 grams of a mixture containing cocaine is now imprisonment for not less than five years nor more than twenty years, with no alternative of probation for life. The amendment also added subsection (4), which provides that the court may depart from the minimum term of imprisonment authorized under subsection (2)(a)(iii) if the

court finds on the record that there are substantial and compelling reasons to do so. Therefore, we remand this case to the lower court for resentencing. We direct the court to use its discretion in imposing a sentence under either the old or the new version of the statute.

Remanded for resentencing. We do not retain jurisdiction.