PEOPLE v THOMAS MILLER

Docket No. 108997. Submitted October 3, 1989, at Marquette. Decided
   March 5, 1990.

   Thomas H. Miller was charged with delivery of less than 50
   grams of cocaine and delivery of between 50 and 225 grams of
   cocaine. The two deliveries occurred on the same day. Defen-
   dant was convicted of both charges, Marquette Circuit Court,
   Raymond J. Jason, J., and appealed, alleging, among other
   things, a violation of his constitutional protection against dou-
   ble jeopardy, a right to be sentenced under more lenient
   penalty provisions enacted after the crimes were committed but
   before his sentencing, and error in the court's failure to in-
   struct on circumstantial evidence.

   The Court of Appeals *held:*

   1. To determine whether two convictions for deliveries of
   narcotics violates the prohibition against double jeopardy, the
   court should consider whether the deliveries were separately
   bargained for, set up and paid for. Under the circumstances,
   the convictions amounted to a double jeopardy violation.

   2. A defendant, sentenced for conviction of delivery of a
   controlled substance after the effective date of 1987 PA 275, the
   amending legislation adjusting punishment for controlled sub-
   stance offenses, should be sentenced in accordance with 1987
   PA 275.

   3. A cautionary jury instruction concerning the prosecution's
   burden of disproving all reasonable theories of innocence when
   the prosecution's case depends entirely upon circumstantial
   evidence is necessary only when the circumstantial evidence
   against the defendant is weak. Such was not the case, and the
   court properly refused to give the instruction.

   4. Defendant's other allegations were either without merit or
   not preserved for appeal.

   Defendant's conviction of delivery of less than 50 grams

REFERENCES

Am Jur 2d, Criminal Law §§ 267, 279, 590; Trial § 844.

Modern status of rule regarding necessity of instruction on circum-
   stantial evidence in criminal case—state cases. 36 ALR4th 1046.

reversed and the case remanded for resentencing on the conviction of delivery of 50 to 225 grams.

GILLIS, P.J., concurred in part and dissented in part. He concurred in the vacation of defendant's conviction of delivery of less than 50 grams, but felt that defendant was not entitled to resentencing under the more lenient provisions enacted after commission of the delivery. He would affirm defendant's conviction of delivery of 50 to 225 grams.

1. CONTROLLED SUBSTANCES — DOUBLE JEOPARDY — DELIVERY OF NARCOTICS.

To determine whether two convictions for deliveries of narcotics violates the prohibition against double jeopardy, the court should consider whether the deliveries were separately bargained for, set up and paid for.

2. STATUTES — RETROACTIVITY.

Statutes which can be interpreted as remedial or procedural in nature can be construed to operate retrospectively unless a contrary intent is manifested.

3. CONTROLLED SUBSTANCES — SENTENCING — STATUTES — RETROACTIVITY.

A defendant sentenced after the effective date of 1987 PA 275, the amending legislation adjusting punishment for controlled substance offenses, for conviction of delivery of a controlled substance prior to that date should be sentenced in accordance with 1987 PA 275.

4. CRIMINAL LAW — JURY INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE.

A cautionary jury instruction concerning the prosecution's burden of disproving all reasonable theories of innocence when the prosecution's case depends entirely upon circumstantial evidence is necessary only when the circumstantial evidence against the defendant is weak (CJI 4:2:02[6], [7]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *David A. Payant, Scott K. Hanson* and *Matthew J. Wiese,* Assistant Prosecuting Attorneys, for the people.

*Mark Peter Stevens,* for defendant.

Before: GILLIS, P.J., and SULLIVAN and CAV-
ANAGH, JJ.

CAVANAGH, J. On March 15, 1988, following a
jury trial, defendant was convicted of delivery of
less than 50 grams of cocaine, MCL 333.7401(1)
and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv), and
delivery of 50 or more, but less than 225 grams of
cocaine, MCL 333.7401(1) and (2)(a)(iii); MSA
14.15(7401)(1) and (2)(a)(iii). On April 22, 1988,
defendant was sentenced to one to twenty years
imprisonment and life probation, respectively. De-
fendant appeals as of right and we reverse defen-
dant's conviction for delivery of less than fifty
grams of cocaine, affirm defendant's conviction for
delivery of fifty or more grams of cocaine, and
remand for resentencing.

Defendant claims that his right to be free from
double jeopardy was violated when he was con-
victed and sentenced on both charges. Defendant
argues that the police divided a single agreed-upon
sale into two separate criminal transactions and
the prosecution should not be allowed to charge
for the sample drug sale and then charge him with
another offense for the main drug sale that oc-
curred later that same day. We agree and, there-
fore, reverse his conviction for delivery of less
than fifty grams of cocaine.

In *People v Manning,* 163 Mich App 641, 643-
644; 415 NW2d 1 (1987), a panel of this Court, in
addressing a double jeopardy issue, looked to
whether the deliveries were separately bargained
for, whether each delivery was separately paid for,
and whether the second delivery was set at the
time of the first delivery. Here, the facts show one
agreed-upon transaction divided into two deliveries
for the convenience of the police. We are con-
vinced that, had the facts in this case been before

the *Manning* panel, a double jeopardy violation would have been found. Consequently, we reverse defendant's conviction for delivery of less than fifty grams of cocaine.

Defendant further contends that he is entitled to be sentenced pursuant to 1987 PA 275, which became effective after the crimes were committed but before defendant was sentenced. We agree.

A fundamental rule of statutory construction requires that, in interpreting a legislative enactment, we give effect to legislative intent. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989), lv den 433 Mich 860 (1989). Statutes which can be interpreted as remedial or procedural in nature can be construed to operate retrospectively unless a contrary intent is manifested. *Trinova Corp v Dep't of Treasury,* 166 Mich App 656, 666; 421 NW2d 258 (1988).

We view 1987 PA 275 as amending legislation designed to adjust the punishment for controlled substance offenses more proportionately to the crime and the criminal and as a tacit admission that such was previously not the case. See *People v Schultz,* 172 Mich App 674, 687; 432 NW2d 742 (1988), lv gtd 432 Mich 891 (1989). The amendment is remedial in nature as one "designed to correct an existing law," *Spencer v Clark Twp,* 142 Mich App 63, 68; 368 NW2d 897 (1985), citing *Rookledge v Garwood,* 340 Mich 444, 453; 65 NW2d 785 (1954), and therefore can be applied retrospectively. Act 275 contains no language to the contrary, such as a specific "savings clause."

We conclude that established rules regarding remedial legislation allow defendant to be sentenced in accordance with the mitigated penalties in force at the time of his sentencing. To hold otherwise, that the legislatively disapproved penalty should apply, serves no purpose other than a

"desire for vindictive justice." *Holsclaw v Indiana,* 270 Ind 256, 261; 384 NE2d 1026 (1979). In those limited circumstances where sentencing is conducted after the effective date of amending legislation, we hold that the sentence in effect on that date may be imposed.

Defendant relies on *People v Tyson,* 423 Mich 357; 377 NW2d 738 (1985), to claim that misconduct requiring reversal occurred when the prosecutor was allowed to argue that his expert was an unbiased agent of the state, thereby suggesting that defendant's experts were biased. Specifically, the prosecutor stated that his expert witness "works for the State of Michigan and he is paid a salary, which . . . is not dependent at all on what his opinions are in any particular case." We disagree.

The *Tyson* opinion reaffirmed the long-standing rule that a highly prejudicial attack of a defendant's expert witness without support on the record would require reversal. *Tyson, supra,* pp 374-376, relying on *People v Williams,* 218 Mich 697; 188 NW 413 (1922), and *People v Cowles,* 246 Mich 429; 224 NW 387 (1929). However, the *Tyson* Court was examining argument that was filled with innuendos, insults and ridicule. *Tyson,* 375. No such language is present here and we agree with the trial court that *Tyson* is factually distinguishable.

We also reject defendant's next claim that he is entitled to a remand for a new competency evaluation and examination because the forensic examiner did not consult with defense counsel as required by MCL 330.2028; MSA 14.800(1028). This issue was not preserved for appeal. *People v Lucas,* 393 Mich 522, 528-529; 227 NW2d 763 (1975).

As to defendant's contention that the trial court abused its discretion when it admitted evidence of similar acts under MRE 404(b), we again disagree.

Defendant raised the defense of irresistible impulse and the similar-acts evidence was clearly introduced on the issue of defendant's sanity. See *People v Simonds,* 135 Mich App 214, 217-220; 353 NW2d 483 (1984), lv den 424 Mich 895 (1986).

Defendant is also convinced that the trial court abused its discretion when it allowed photocopies of the controlled buy money to be introduced rather than the money itself. Under the circumstances presented in this case, we cannot say that there was no justification for the ruling made. See, e.g., *Wilson v State,* 568 P2d 1315, 1317-1318 (Okla Crim App, 1977).

Defendant also argues that the trial court erred when it declined to instruct the jury as requested on CJI 4:2:02(6) and (7). The use of the Criminal Jury Instructions is not mandatory. If used, paragraph six is considered optional and the cautionary language of paragraph seven is only applicable when the circumstantial evidence against a defendant is weak. *People v DeWitt,* 173 Mich App 261, 270; 433 NW2d 325 (1988). Such is not the case with the evidence here.

In defendant's next argument, he insists that the 180-day rule was violated. Although defendant was not brought to trial within this period, we agree with the trial court that most of the delay can be attributed to the defendant. See *People v Crawford,* 161 Mich App 77, 83; 409 NW2d 729 (1987).

Defendant contends in his final argument that the trial court abused its discretion when it denied his request to call the prosecution's expert witness in his defense. We disagree. Defendant was allowed the opportunity to cross-examine the witness and was provided the opportunity for surrebuttal. We find no error.

Defendant's conviction for delivery of less than

50 grams of cocaine is reversed; defendant's conviction for delivery of 50 or more, but less than 225 grams of cocaine is affirmed; we remand for resentencing.

Sullivan J., concurred.

Gillis, P.J. *(concurring in part and dissenting in part)*. Although I agree with the majority's resolution of the remaining issues, I do not agree that defendant was entitled to be sentenced pursuant to 1987 PA 275 for the reasons stated in *People v Jackson,* 179 Mich App 344, 350-351; 445 NW2d 513 (1989), lv pending. See also *People v Poole,* 7 Mich App 237; 151 NW2d 365 (1967), lv gtd 379 Mich 790 (1967), stipulation to dismiss filed January 5, 1968. To the extent that *People v Sandlin,* 179 Mich App 540; 446 NW2d 301 (1989), held in abeyance pending our Supreme Court's decision in *People v Schultz,* 172 Mich App 674; 432 NW2d 742 (1988), lv gtd 432 Mich 891 (1989), is inconsistent with this opinion, I now believe that *Jackson* represents the correct view and have so indicated in *People v Marji,* 180 Mich App 525; 447 NW2d 835 (1989), and *People v Becoats,* 181 Mich App 722; 449 NW2d 687 (1989). Hence, I would vacate defendant's conviction and sentence for delivery of less than 50 grams of cocaine, but would affirm defendant's conviction and sentence for delivery of 50 or more, but less than 225 grams of cocaine.