PEOPLE v COSBY

Docket No. 127620. Submitted April 17, 1991, at Detroit. Decided May 21, 1991, at 9:05 A.M.

John Cosby, III, pleaded guilty in the Detroit Recorder's Court of two counts of assault with intent to commit murder, one count of assault with intent to commit great bodily harm less than murder, and one count of possession of a firearm during the commission of a felony. The Wayne County Probate Court, pursuant to MCL 712A.4; MSA 27.3178(598.4), had waived jurisdiction over the defendant, who was sixteen years old at the time of the offenses. At sentencing, the court, Wendy M. Baxter, J., denied the defendant's request for a special dispositional hearing pursuant to MCR 6.931 and MCL 769.1(3); MSA 28.1072(3), and imposed sentences of three to ten years' imprisonment for each of the assault convictions and two years' imprisonment for the felony-firearm conviction. The defendant appealed, claiming that the court erred in denying his request for a special dispositional hearing.

The Court of Appeals *held:*

A special dispositional hearing for a juvenile convicted in a circuit court or the Detroit Recorder's Court of certain criminal offenses punishable by life imprisonment and committed while between the ages of fifteen and seventeen years is not required by either MCR 6.931 or MCL 769.1(3); MSA 28.1072(3) where the juvenile court has waived jurisdiction pursuant to MCL 712A.4; MSA 27.3178(598.4).

1. MCR 6.901(B) specifically provides that subchapter 6.900 of the Michigan Court Rules does not apply where the juvenile court has waived jurisdiction pursuant to MCL 712A.4; MSA 27.3178(598.4).

2. The Legislature intended the dispositional hearing requirement of MCL 769.1(3); MSA 28.1072(3) to apply only in cases where a circuit court or the Detroit Recorder's Court obtains

REFERENCES

Am Jur 2d, Criminal Law § 38; Juvenile Courts and Delinquent and Dependent Children §§ 16, 17, 19, 20, 29.

See the Index to Annotations under Hearings; Juvenile Courts and Delinquent Children.

jurisdiction over a juvenile under the automatic waiver provisions of MCL 600.606; MSA 27A.606.

Affirmed.

CRIMINAL LAW — JUVENILES — CONVICTION OF CRIMES PUNISHABLE BY LIFE IMPRISONMENT — DISPOSITIONAL HEARINGS.

A special dispositional hearing for a juvenile convicted in a circuit court or the Detroit Recorder's Court of certain criminal offenses punishable by life imprisonment and committed while between the ages of fifteen and seventeen years is not required where the juvenile court has waived jurisdiction pursuant to MCL 712A.4; MSA 27.3178(598.4) (MCR 6.931, MCL 769.1[3]; MSA 28.1072[3]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Rita H. Lewis,* Assistant Prosecuting Attorney, for the people.

*Cyril C. Hall,* for the defendant.

Before: MURPHY, P.J., and SHEPHERD and T. G. KAVANAGH,* JJ.

PER CURIAM. Defendant pleaded guilty of two counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, one count of assault with intent to commit great bodily harm less than murder, MCL 750.84; MSA 28.279, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Thereafter, defendant was sentenced in the Detroit Recorder's Court to three to ten years' imprisonment for each of the assault convictions and to the statutorily mandated two years' imprisonment for the felony-firearm conviction. Defendant appeals

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

as of right and challenges the propriety of the procedure used to impose sentence. We affirm.

On May 13, 1988, defendant, then sixteen years of age, and two other youths entered the home of James Woodruff and assaulted and robbed four occupants of the home. The Wayne County Probate Court, Juvenile Division, waived jurisdiction over defendant on August 16, 1988, on petition of the prosecution.

Trial commenced in the instant matter on February 13, 1989. That same day, defendant interrupted the prosecution's case in chief, accepted a plea bargain, and pleaded guilty pursuant to the bargain. At the April 14, 1989, sentencing hearing, defendant asked for a special dispositional hearing pursuant to Administrative Order No. 1988-5 and MCL 769.1(3); MSA 28.1072(3). The court denied the request. Defendant now asserts that the court erred in refusing his request. We disagree.

MCL 764.1f; MSA 28.860(6), enacted as 1988 PA 67, became effective on October 1, 1988. This statutory provision authorizes a prosecutor to proceed in either juvenile or circuit court when a juvenile is charged with any of the specifically enumerated felonies set forth in the statute. MCL 764.1f; MSA 28.860(6); *People v Brooks,* 184 Mich App 793, 796; 459 NW2d 313 (1990). With the enactment of MCL 764.1f; MSA 28.860(6), the Legislature simultaneously amended MCL 769.1; MSA 28.1072, effective October 1, 1988, to require a court having jurisdiction over a juvenile to hold a special dispositional hearing at sentencing, unless waived, to determine whether to place the juvenile on probation and commit the juvenile to a public institution as a state ward until the age of twenty-one, or sooner, or to impose a sentence as provided by law for an adult. MCL 769.1(3); MSA 28.1072(3). In response to these legislative enactments, our Supreme

Court issued Administrative Order No. 1988-5, 431 Mich xcix, which contained a proposed new subchapter 6.900 to be added to the Michigan Court Rules of 1985. Proposed Rule 6.931 parrots MCL 769.1(3); MSA 28.1072(3).

Our Supreme Court never intended that its then proposed Rule 6.931 or the current MCR 6.931 apply in a situation such as this. The Detroit Recorder's Court assumed jurisdiction over defendant after the juvenile court waived its jurisdiction pursuant to MCL 712A.4; MSA 27.3178(598.4). Both the then proposed Rule 6.901, 431 Mich cx, and the current rule, MCR 6.901(B), specifically provide that "the rules do not apply to a person charged solely with an offense in which the juvenile court has waived jurisdiction pursuant to MCL 712A.4; MSA 27.3178(598.4)." Therefore, the court did not err in refusing defendant's request for a special dispositional hearing as required by either the then proposed or the now existing court rule.

Nor do we believe that the court erred when it refused to give retroactive application to MCL 769.1(3); MSA 28.1072(3).

Generally, an amendment of a criminal statute concerning sentences or punishment is not retroactive. *People v Jackson,* 179 Mich App 344, 351; 445 NW2d 513 (1989). However, where the amendment can be interpreted as remedial or procedural in nature, the statute can be construed to operate retrospectively unless a contrary intent is manifested. *People v Thomas Miller,* 182 Mich App 482, 485; 453 NW2d 269 (1990). The paramount consideration is to give effect to legislative intent. *Id.*

In the instant case, we need not reach the question whether the amended statute should be applied retroactively. We are persuaded by the

statutory scheme that the Legislature intended that the dispositional hearing requirement of MCL 769.1(3); MSA 28.1072(3) apply only in cases where a circuit court or the Detroit Recorder's Court obtains jurisdiction over a juvenile under the new "automatic waiver" rules set forth in MCL 600.606; MSA 27A.606. The instant case is not such a case.

Defendant's sentence is affirmed.