■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON NICHOLSON, Appellant. [661 NYS2d 565] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the first degree (Penal Law §§ 20.00, 220.43 [1]) and criminal possession of a controlled substance in the second degree (Penal Law §§ 20.00, 220.18 [1]), arising from his participation in the sale of cocaine to a confidential police informant on June 30, 1992 in the City of Rochester. Upon our review of the record, we conclude that the evidence, viewed in the light most favorable to the People (see, People v Williams, 84 NY2d 925, 926), is legally sufficient to support defendant's conviction and that the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). There is no merit to the contention of defendant that Supreme Court erred in admitting into evidence copies of the "buy money" rather than the actual money (see, CPLR former 4539; see also, People v Miller, 182 Mich App 482, 453 NW2d 269; Ingram v State, 703 P2d 415 [Alaska], affd 719 P2d 265). Finally, we conclude that the court's Sandoval ruling does not constitute an abuse of discretion (see, People v Sandoval, 34 NY2d 371; see also, People v Gray, 84 NY2d 709, 712). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.

■ THEODORE MROWCZYNSKI et al., Respondents, v SANDRA M. KERRUISH, Appellant. (Appeal No. 2.) [661 NYS2d 570] —Appeal unanimously dismissed without costs (see, Smith v Catholic Med. Ctr., 155 AD2d 435; see also, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Howe, J.—Set Aside Verdict.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.