■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ORTIZ, Appellant. [688 NYS2d 358] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]) and criminal possession of a controlled substance in the first and third degrees (Penal Law § 220.16 [1]; § 220.21 [1]). Defendant was sentenced as a second felony offender to concurrent indeterminate terms of incarceration of 17½ years to life on each count of first degree sale and possession and 12½ to 25 years for third degree possession.

On appeal, defendant contends that the evidence is legally insufficient and that the verdict is against the weight of the evidence on the issue whether defendant was a seller or merely an agent of the buyer; that defendant was deprived of a fair trial by the People's delay in producing the confidential informant; that defendant was deprived of a fair trial by certain evidentiary rulings; that defendant was deprived of a fair trial by Supreme Court's "deferral" of the *Sandoval* and *Molineux* rulings and by the substance of those rulings; that defendant's statement should have been suppressed as involuntary; that defendant was denied effective assistance of counsel; and that the sentence is unduly harsh or severe.

The conviction of criminal sale is supported by legally sufficient evidence and is not against the weight of the evidence. The testimony of the undercover officer, together with the audiotapes and videotapes, rebuts any agency defense and overwhelmingly establishes that defendant knowingly and unlawfully sold cocaine (*see, People v Robles,* 256 AD2d 365; *People v Nicholson,* 238 AD2d 924, *lv denied* 90 NY2d 908; *cf., People v Bello,* 92 NY2d 523). Defendant's "salesmanlike" behavior included vouching repeatedly for the quality and quantity of the drugs, actively negotiating price and quantity, and personally accepting payment. Defendant's statement presented a credibility question on the issue of agency. The trier of fact did not fail to give the evidence the weight it should be

accorded on that issue (*see, People v Bleakley*, 69 NY2d 490, 495).

Even assuming, arguendo, that the People were required to produce the confidential informant (*see generally, People v Jenkins*, 41 NY2d 307, 309), we conclude that they fulfilled that obligation. Although defendant did not request production of the informant until the first day of jury selection, and although the informant was out of the country at the time, the People exercised due diligence in producing the informant within five days (*see, People v Jenkins, supra*, at 309-311). The People produced the informant during defendant's case-in-chief, in time for defense counsel to call the informant as a witness. Thus, this is not a case in which the informant was unavailable to testify. After interviewing the informant, defense counsel declined to call him as a witness. Thus, it can be inferred that the informant did not possess information material and relevant to the defense (*see, People v Jenkins, supra*, at 310-312; *People v Williams*, 242 AD2d 917, *lv denied* 91 NY2d 899), and that defendant was not prejudiced as a result of a delay in producing the informant.

The court did not improperly "defer" its *Molineux* and *Sandoval* rulings, nor did it err in the substance of those rulings. The court's *Sandoval* ruling was not deferred, but rather was concrete and definitive. It was balanced and in large part favorable to defendant. In reserving decision on the People's *Molineux* application, the court in effect held that the People would not be allowed to introduce prior bad acts of defendant as part of their case-in-chief unless defendant raised an agency or entrapment defense. Because it is well established that a defendant opens the door to *Molineux* evidence by putting forth such a defense (*see, People v Calvano*, 30 NY2d 199, 202-204; *People v Sanchez*, 213 AD2d 566, *lv denied* 86 NY2d 784; *People v Rodriguez*, 193 AD2d 705, 706, *lv denied* 82 NY2d 725), the court's handling of the *Molineux* issue was proper (*see, People v Castaneda*, 173 AD2d 349, 350, *lv denied* 78 NY2d 963; *People v Heffron*, 59 AD2d 263, 268). For the same reason, the court properly reopened the proof to allow the People to rebut the defense of agency with the aforementioned *Molineux* evidence. In any event, the court had discretion to vary the order of proof (*see*, CPL 260.30 [7]). We note that defendant's request for an agency charge was granted, but that defendant withdrew that request.

Defendant's motion to suppress the statement was properly denied. The record belies the assertion that defendant does not speak English well and thus could not have voluntarily and

intelligently waived his *Miranda* rights. Moreover, the statement given by defendant after he waived his *Miranda* rights was not rendered involuntary by defendant's poststatement refusal to sign the *Miranda* rights card.

Defendant was not denied effective assistance by counsel's failure to challenge the voluntariness of defendant's statement, nor by counsel's withdrawal of the agency defense after the court ruled that it would permit the People to reopen their case to present *Molineux* evidence (*see, People v Benevento*, 91 NY2d 708, 711-714).

We have considered defendant's remaining contentions, including the challenge to certain evidentiary rulings and to the severity of the sentence, and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.